HUGER, executor, *v.* PROTESTANT EPISCOPAL CHURCH.

1. Charitable trusts are continuing, executory trusts, and not within the statute of uses.

(a) There was no error in overruling the demurrer to the petition of the plaintiff.

2. A landowner executed a deed to the Protestant Episcopal Church in the Diocese of Georgia, described as a corporation. It recited a consideration of $10, "as well as the desire she, the party of the first part, has for the encouragement and promotion of the interests of the Protestant Episcopal Church." The habendum clause. contained the following: "To have and to hold . . unto the said party of the second part, its successors and assigns, in trust nevertheless for the use and benefit of the religious congregation in the county and State first mentioned, called ' St. John's Protestant Episcopal Church,' its successors and assigns." There was evidence tending to show that there was at that place an existing congregation known as St. John's Church, or St. John's Mission, though it was never formally organized as St. John's Church. *Held,* that the trust so created was not void for want of a beneficiary.

(a) Even if there was no such church in actual existence when the deed was executed, but it was only in contemplation, this would not of itself render the trust void.

3. The deed containing no reversionary clause upon condition subsequent, no reversion arose under its terms because the congregation became inactive, or there was no organized. congregation at that place, for a number of years.

4. Under a deed of the character above set forth, it could not be declared that the trust therein created had failed or become impossible of accomplishment, so as to cause a reversion to the founder or her heirs, although there had been no active or organized congregation known as St. John's Church for some fourteen or fifteen years before the commencement of litigation.

5. In an action by the grantee in such a deed of trust, to recover the land conveyed by it from the executor of the grantor, who had taken possession thereof, it was not competent by parol evidence to substantially add a condition subsequent to the written terms of the instrument, although this was offered as being explanatory of the consideration.

6. There was no error in rejecting the testimony of a witness as to what was the motive of the grantor in making the deed. This was objectionable as opinion evidence; and the motive of one party, not shown to have been disclosed to the other, was irrelevant.

7. The opinion of the executor that there were already sufficient churches of the Episcopal denomination in the city where the land was located to supply all members of that denomination, and that there was no real or apparent necessity for building a church on the land in controversy, as all the probable members were already members of other churches, and there would be no congregation to support it, would not suffice to show that the trust had terminated and a reversion had taken place; and the rejection of such evidence will not cause a reversal.

(a) If there were any slight inaccuracies in any of the numerous rulings of which complaint was made, they were not such as to require a reversal.

DECEMBER 14, 1911.

Complaint for land. Before Judge Conyers. Glynn superior court. July 6, 1910.

R. D. Meader, for plaintiff in error.

E. S. Elliott, Crovatt & Whitfield, and R. E. Dart, contra.

LUMPKIN, J. The Protestant Episcopal Church in the Diocese of Georgia, as trustee, brought ejectment against Huger, executor, and others. The court directed a verdict for the plaintiff, and the defendant excepted. The testatrix of the defendant executor had made a deed to the plaintiff, recited to be a corporation, as trustee. The latter claimed that there was no·beneficiary in existence, and that the deed was void, but, if not, that there had been a reversion, and that the grantee was not entitled to recover possession.

1. A demurrer was urged to the petition as amended, but it was without merit. Charitable trusts have been held to be continuing, executory trusts, and not within the statute of uses. *Beckwith* v. *Rector etc. of St. Philip's Parish,* 69 *Ga.* 564; *Beckwith* v. *McBride,* 70 *Ga.* 642.

2. The deed of trust to the plaintiff recited a consideration of $10, "as well as the desire she, the said party of the first part, has for the encouragement and promotion of the interests of the Protestant Episcopal Church." The habendum clause contained the following: "To have and to hold  .  .  unto the said party of the second part, its successors and assigns, in trust nevertheless for .the use and benefit of the religious congregation in the county and State first mentioned, called 'St. John's Protestant Episcopal Church,' its successors and assigns." There was evidence to show that there was in existence a congregation known as St. John's Church or ·St. John's Mission, though never formally organized as St. John's Church. This continued in active operation for some two years or more. Since then there has been no active or organized congregation or church. It will be observed that the plaintiff was not declared to be trustee for a particular organized or incorporated church, but for a religious congregation called St. John's Episcopal Church. Even if there was no such church in actual existence when the deed was made, but only in contemplation, this would not ipso facto render the trust void. *County of Gordon* v.

*Mayor etc. of Calhoun,* 128 *Ga.* 781 (58 S. E. 360) ; 2 Story's Eq. (13th ed.) § 1169.

3. The deed contained no condition subsequent, and there was no reversionary clause in case the property should be sold or not used for church purposes. There was thus no reversion by virtue of the provisions of the deed. *Thompson* v. *Hart,* 133 *Ga.* 540 (66 S. E. 270) ; Adams *v.* First Baptist Church of St. Charles, 11 L. R. A. (N. S.) 509, and note (148 Mich. 140, 111 N. W. 757).

4. Neither did the evidence show that a reversion had occurred on the ground that the trust had failed or become impossible of accomplishment. Civil Code (1910), §§ 3739, 4153. As stated above, the deed recited a consideration of $10, as well as the desire the grantor " has for the encouragement and promotion of the interests of the Protestant Episcopal Church." This indicated a broader purpose than merely to build a certain edifice. There was no mention of building. The trustee was to hold for the use and benefit of a religious congregation, called by a certain name, its successors and assigns. Thus the trust was not limited to a particular corporation or organized church, so as to fail or terminate if such church or corporation became inactive. It appears that the congregation or mission has not been active for some years. But a sluggish or dormant congregation is not beyond the possibility of being awakened to ecclesiastical activity; nor is it impossible that there may be a successor. If any diversion of trust property from the purposes of the trust should be sought to be made, it may perhaps be the subject of restraint by a court of equity. But it can not be held that any reversion or resulting trust has arisen in favor of the executor of the grantor.

5-7. Certain parts of the answer were stricken on demurrer, and certain evidence was excluded. Aside from the lack of technical sufficiency in the pleading in particular respects, the substantial defense sought to be raised by the pleading and evidence was: that the deceased grantor was the owner of a considerable tract of land, of which the lots in dispute formed a part; that she divided it into lots for sale, and believing that it would enhance the value of the property to have a church located upon it, and being herself a member of the Protestant Episcopal Church, of which her husband was also a member, and being desirous of honoring his memory by seeing a church of that denomination erected there, which

should be called St. John's Protestant Episcopal Church (John being the christian name of her husband), and being further actuated by a religious motive in that a church erected at that place would be beneficial to the people of that immediate settlement, she made the deed in trust for St. John's Protestant Episcopal Church of Glynn County; that she was not herself able to erect the church, but believed that the plaintiff would do so and would name it St. John's Church; that this was never done, "and it is extremely doubtful if it will ever be done, as the City of Brunswick is well supplied with churches of that denomination, and there is no necessity for building such a church, and that the deed is therefore invalid." No fraud, accident, or mistake in drawing the deed was alleged, and no effort to reform it was made, though there was a prayer for cancellation contained in an amendment to the answer. We have already held that the deed was not void on its face. If it was sought by parol to attach a condition subsequent to such deed, this could not be done. The effort to show by a witness what was the motive of the maker of the deed, if uncommunicated to the other party, was objectionable, both because it was not competent to show the undisclosed motive of a grantor in order to destroy the grant, and also because one person can not testify broadly what motive is in the mind of another. The opinion of the executor as a witness, that there were already sufficient churches of the Episcopal denomination in the city of Brunswick to supply all members of that denomination, and that there was no real or apparent necessity for building a church on the land in controversy, as all the probable members were already members of other churches and there would be no congregation to support it, was properly rejected. If it would have been admissible when accompanied by other evidence, it would not alone have sufficed to cause a reversion, and its rejection would not work a reversal. A charitable trust can not be avoided merely because a witness thinks it unnecessary. Church progress and extension are not limited to cases of absolute necessity. The evidence offered in this case was not such as the code declares to be admissible to ascertain in what sense the testator or grantor used obscure, doubtful, or equivocal words (Civil Code, § 4608), or in applying the doctrine of cy pres (§ 4604).

What we have said above covers the substantial features of the

case. Without discussing separately each point raised, even if there were any inaccuracies, none of them present sufficient ground for reversal.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*