HOWELL *v*. NEW HOPE BENEVOLENT SOCIETY NO. 1.

1. The special demurrers, where meritorious, were sufficiently met by amendments to the petition.
2. There was no error in overruling the general demurrer to the petition.
                    JANUARY 16, 1915.

Equitable petition.   Before Judge Bell.   Fulton superior court. October 23, 1913.

The New Hope Benevolent Society Number One, hereinafter referred to as the Society, a corporation organized and incorporated under the laws of the State of Georgia, brought its equitable petition seeking an injunction and other equitable relief against Glenn Howell.   The petition alleges, in substance, as follows:   The petitioner is a charitable association organized for the purpose of mutual charity and fraternal benevolence, its particular work being to provide sick benefits for its members as well as for the burial of any deceased members, and to accomplish certain other enumerated benevolent purposes.   The Society was organized as a voluntary association under its present name on July 9, 1878, elected officers, and adopted by-laws.   Among its officers were president, vice-president, and treasurer; it met once a week; the trustees were elected annually, and their duties were to attend to all building repairing and to look after the property belonging to the Society.   In the fall of the year 1878, seeking a permanent location for its regular meetings, the Society began to raise funds for the purchase of a suitable site upon which to erect a lodge-house.   Subscriptions were taken up among the members of the Society, and entertainments to which admissions were charged were given by different lodge members, and finally a sufficient sum was raised to purchase a site and build a lodge-house.   At a regular meeting of the Society in the early part of 1879, Glenn Howell (the defendant in this case), Tom Maddox, and Joe Sanders were elected trustees of the Society, and, acting under the instructions of the Society, negotiated with one Pope for the purchase of· a lot of land upon which to erect a building.   The negotiations resulted in Pope selling to the Society a certain lot of land and executing a deed thereto. This deed; made on February 20, 1879, recites that the parties thereto are Thos. T. Pope, of the one part, and "Thos. Maddox, Glenn Howell, and Joe Sanders, for a benevolent society now in operation, the said Thos. Maddox being President," of the other

part; and in the granting clause of the deed the grantor conveys, for a consideration of $25, "unto the said benevolent society, their heirs and assigns," a certain piece of land (the lot of land in controversy) ; and the habendum and tenendum clause is as follows: "To have and to hold the said bargained premises, with all and singular the rights, etc.,  .   .  to the only proper use, benefit, and behoof of them, the said parties, for the aforesaid benevolent society, their heirs, executors, administrators, or assigns, in fee simple; and the said Thos. T. Pope the said bargained premises unto the said trustee of the said benevolent society, their heirs, executors, etc.,  .   .  will warrant and defend by virtue of these presents." The deed closed with the usual attestation clause. At the time the deed was obtained from Pope the Society was in operation and had quite a membership, some 25 or 30 names of members being set forth in the petition. Soon after the purchase of the land the Society, with its own funds and with money contributed by members of the Society, erected a lodge-house upon the property, took possession of it, and carried on the business affairs of the Society therein. The lodge-house has been maintained, kept up, and occupied continuously since then, except for a short period when the house was burned; and the house to replace this one was built with funds contributed by members of the Society. Since the building of said lodge-house the members of the Society have contributed regularly by way of dues to meet the obligations of the Society. The defendant, Glenn Howell, has almost continuously since the organization of the Society been an officer thereof until the year 1908, when he ceased to be a member on account of non-payment of dues. The Society conducted its affairs as a voluntary organization until the year 1894, when Glenn Howell and others who were members of the Society were appointed a committee as representing the Society to employ an attorney and procure a charter for the Society; and an order was granted by the court on July 11, 1894, incorporating New Hope Benevolent Society Number One. This incorporation was the successor to the voluntary organization. The defendant himself, as chairman of the committee to obtain a charter, presented a charter for the Society, and it was accepted on September 11, 1894. Since then the Society has operated under the charter and continued to operate under the same by-laws which had been in force since the year 1878, and has car-

ried out the rules and regulations and purposes of the Society as they obtained under the original organization. They have paid out thousands of dollars in sick benefits and in relieving want among its members; and paid benefits to the defendant himself. The defendant has never paid taxes .on the property nor returned it for taxation. As a member of the committee representing the Society, he paid off the taxes against the Society due upon a fi. fa. issued for taxes against this property out of funds raised by members of the Society, and took a receipt therefor in the name of the Society. He is now claiming that he owns the property individually, and is exercising acts of ownership over it, and is claiming that the New Hope Benevolent Society Number One, as incorporated, is not the successor to the original Society named in the deed referred to above, and is not the owner nor entitled to possession of the land. Defendant claims the title to said land personally, and has been entering and cutting and hauling away timber therefrom; he has attempted to enclose the land with a wire fence, and is continually cutting trees off of the same. Petitioner prays, among other things, that defendant be restrained and enjoined from doing the acts complained of, and from in any manner interfering with the possession of the plaintiff; that he be required to surrender to plaintiff the original deed from Pope to Maddox, Howell, and Sanders; and that a decree be rendered, declaring the title of the land and the right of exclusive possession, as against the defendant or any person or persons claiming under him, to be in the New Hope Benevolent Society Number One.

The defendant demurred generally and specially to the petition. The demurrers were overruled, and he excepted.

*Maddox & Sims,* for plaintiff in error. *John A. Boykin,* contra.

BECK, J. (After stating the foregoing facts.) 1. The special demurrers, where meritorious, were sufficiently met by amendments to the petition.

2. The general demurrer was properly overruled. Whether the petitioner is entitled to all the relief sought is not decided; but there is no special demurrer attacking the appropriateness of the relief prayed for, and the petitioner is entitled to some of the relief which it seeks,—certainly to an injunction restraining the defendant from the acts complained of, that is, cutting trees on the land, removing timber therefrom, enclosing the lot of land with a

wire fence, and other acts of trespass inconsistent with the right of the plaintiff to have unobstructed entrance to the premises and the complete possession of the same without interference by the defendant. It requires no argument to show that the deed from Pope to the defendant and two other trustees created a trust under which the voluntary organization, called the New Hope Benevolent Society Number One, took the beneficial interest. And when this voluntary organization was incorporated in the year 1894 and continued to operate under the by-laws of the Society as it existed before incorporation, effecting and carrying out its benevolent intentions, as set forth in the petition and substantially restated in the statement of facts, it became, so far as relates to the beneficial interests in the property involved, the successor to the original society. *Huger* v. *Protestant Episcopal Church*, 137 *Ga.* 205 (73 S. E. 385) ; *Beckwith* v. *St. Philip's Parish*, 69 *Ga.* 564.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*