### HILLS v. ATLANTA ART ASSOCIATION et al.

BECK, J. George B. Hills, as administrator with the will annexed, filed a petition for direction, and for the construction of the will of the testator, Lucius Perry Hills. Edward Sherman Hills, a brother of the testator, the plaintiff in error, intervened and claimed that the estate of the deceased should be turned over to him, with the exception of certain specific bequests contained in various items of the will. Three items of the will were attacked as void, on the ground that they were so indefinite as to be incapable of being given effect. The Atlanta Art Association also intervened, contending that the trust created in the items of the will attacked by the heir were not invalid for uncertainty. These items are as follows: (7) "I hereby will and bequeath to ——— an undivided one-half interest in all my right and title to land lot two hundred and eighty-seven (287), second (2nd) section, seventh (7th) district of Gilmer County, Ga., in compensation of services rendered by him in clearing title to said property." (11) "I hereby direct, that, after all the provisions of this will heretofore mentioned be carried out, the residue of my estate be held in trust as a nucleus of a fund for the erection of a Public Art Building in the City of Atlanta, Ga., some portion of which shall be devoted [to] works of painting and sculpture, and that a space upon the walls of such portion be provided for the hanging of the paintings and autographed photographs which may be in my room at 81 Summit Ave., Atlanta, Ga.; and I direct that this provision remain in force indefinitely, as I have all faith that Atlanta will ultimately have such a building." (12) "And I direct that, if so desired, these pictures and photographs be hung in Carnegie Library in Atlanta until such time as the proper place be provided for them; but if it is not desired that they be so hung, then they shall be properly cared for in such manner as may be deemed best by those having charge of the fund." Upon the hearing, the petition and intervention and an agreed statement of facts were

submitted to the court. The court held, that all three of the items quoted are valid and constitute a trust; that the intervenor, Edward Sherman Hills, has no interest in the property mentioned in these items; and that upon proper application the court should appoint a trustee to carry out these provisions of the will. *Held:*

1. The court properly adjudged that the provisions of the will under consideration were valid. They are not so indefinite as to be void and unenforceable. The court can, upon proper application, appoint a trustee to carry out the provisions of items seven, eleven, and twelve of the will. 5 R. C. L. 332; Buchanan *v.* Kennard, 234 Mo. 117 (136 S. W. 415, 37 L. R. A. (N. S.) 993, and note, Ann. Cas. 1912D, 50); *Huger* v. *Protestant Episcopal Church,* 137 *Ga.* 205 (73 S. E. 385).

2. The seventh item of the will is not necessarily void because it does not contain the name of the beneficiary to whom it was the intention of the testator a legacy should be given. 40 Cyc. 1447, and citations. The court properly directed the administrator to examine the records of Gilmer superior court, and to make such other investigation as he was able, in order to ascertain and make certain the name of the person who rendered the services mentioned in item seven of the will, and to make a report to the court.

*Judgment affirmed. All the Justices concur, except Gilbert, J.; not presiding.*

SEPTEMBER 21, 1916.

Petition for construction and direction. Before Judge Bell. Fulton superior court. August 11, 1915.

*Douglas & Douglas,* for plaintiff.

*A. C. King, J. H. Gilbert, R. C. & P. H. Alston, S. N. Evins,* and *C. L. Anderson,* for defendants.