BOLICK *et al. v.* COX *et al.,* trustees; *et vice versa.*

Under the allegations in the petition, no such right or interest in the property sought to be recovered is shown to exist in petitioners as would authorize a decree in their favor, and the court properly sustained the general demurrer urged by the defendants.

SEPTEMBER 23, 1916.

Equitable petition. Before Judge Mathews. Bibb superior court. June 29, 1915.

Petitioners are the heirs at law and next of kin of Elam Alexander, who died testate in the year 1863, and whose will was duly probated. They bring their petition against The Alexander Free School, W. R. Cox, and other named individuals as trustees of that school, and seek to have decreed as theirs certain property and funds arising from that part of the estate of Elam Alexander referred to in an item of his will providing that "the residue of my estate that may remain in the hands of my executors, save and except the amounts set apart for the education of the sons of Daniel F. Clarke and Samuel M. Subers, to be paid to the Governor of the State of Georgia, and bonds issued therefor, under the act of the legislature of Georgia passed December 17th, 1859, said bonds to be held and controlled by the Mayor and Council of the City of Macon and their successors in office, the interest of the bonds to be expended for the establishment of a free school in the limits of the City of Macon, the interest only to be used, the principal forever to remain as a fund for the purpose above specified. If the authorities of the City of Macon will not accept the trust, then in that case my executors are to turn the bonds over to the trustees of the Macon Free School, the interest to be appropriated as above directed, for the establishment of a free school in the City of Macon." In the year 1869 a charter was granted to The Alexander Free School, and at the expiration of twenty years the charter was renewed for a period of twenty years, and again renewed for a like period in the year 1909. It

is shown that up until about the year 1892 the trustees of The Alexander Free School maintained in the City of Macon a free school by the use of the income arising from the fund set apart by this item of the will, and erected one or more school buildings, but that since that time the income has been turned over to the Bibb County Board of Education and Orphanage; and petitioners contend that by reason thereof the bequest has failed, that there are no free schools in the county of Bibb, the public-school system having been substituted therefor, and that, in consequence of the impossibility of further carrying out the provision of the will above set forth, the property therein referred to, real and personal, should be turned over to petitioners, who are the only heirs at law of the testator. Other acts of the defendants in regard to the fund and property in question, which petitioners claim amount to a termination and abandonment of the trust and to a diversion of the fund, are set forth in the petition; and petitioners insist that under all the facts the defendants should come to an accounting with them, and that the property and fund should be decreed to be their property. To this petition the court sustained a general demurrer.

*I. N. Eubanks, DuPont Guerry,* and *Hall & Roberts,* for plaintiffs. *Miller & Jones,* for defendants.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court properly sustained the demurrer to the petition. The bequest contained in the item of the will referred to in the statement of facts is not so indefinite that it can not be enforced. *Huger* v. *Protestant Episcopal Church, 137 Ga.* 205 (73 S. E. 385); Buchanan *v.* Kennard, 234 Mo. 117 (136 S. W. 415, 37 L. R. A. 993, and note, 1007, Ann. Cas. 1912D, 50); 5 R. C. L. 332, § 58. See *Hills* v. *Atlanta Art Asso.,* ante, 856. The fact that there is a system of public schools in Bibb County, as there is in all the other counties in the State, in no wise interferes with the execution of the design of the testator that a free school should be established with the income from the bounty bequeathed. If the free school contemplated by the testator were exactly of the same character as the free schools now established under the laws of force in this State, it would not necessarily follow that there was no school which could take advantage of the testator's bounty; and it does not necessarily follow from the use of the expression

"free school," nor is it inferable therefrom, that the free school contemplated by the testator is limited in its educational scope, or that it is of the precise character as the public schools established by the laws of Georgia. There could be no serious trouble in carrying out the real intention and design of the testator. It may require some consideration of the details, though with that we are not concerned. If the present use of the income arising from the fund accumulated under the testator's will is an improper diversion thereof, a continued diversion can be prevented by proper proceedings in the superior court. The improper diversion affords no reason why the trust should be declared void and the fund itself be turned over to the heirs.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Gilbert, J., not presiding.*