### KING *et al. v.* HORTON *et al.*

A devise of an estate "to be invested in safe securities, and the income arising therefrom to be used for the purpose of educating poor, worthy girls of good families and legitimate," is not void for the alleged reason that the designation of girls to be benefited is so indefinite and uncertain as to render their identity impossible, and that the kind, amount, and quality of education to be bestowed is not ascertainable.

No. 1083.    SEPTEMBER 4, 1919.

Petition for injunction.    Before Judge Pendleton.    Fulton superior court.    July 9, 1918.

*W. Carroll Latimer,* for plaintiffs.

*Horton Brothers* and *Rosser, Slaton, Phillips & Hopkins,* for defendants.

FISH, C. J.    Mrs. F. C. Tucker, a citizen of Georgia, died testate. The second item of her will is as follows: "I give, devise, and bequeath to O. E. and M. C. Horton, in trust, all of my estate that I may have at the time of my death, after the payment of my funeral expenses, to be invested in safe securities, and the income arising therefrom to be used for the purpose of educating poor, worthy girls of good families and legitimate. This fund to be so used shall be known as the "Frances Clementine Tucker fund." The will appointed the Hortons as executors. It was probated, and. they qualified. Lena King and thirteen others, alleging themselves to be next of kin and heirs at law of the testatrix, in behalf of themselves and all others next of kin and heirs at law of the testatrix who should desire to join in the petition, brought an action to enjoin the executors from executing the provisions contained in the second item of the will as above quoted. The petition alleged that the second item is void because too vague, indefinite, and uncertain to be executed, in that the designation of the girls sought to be benefited is so indefinite and uncertain as to render their identity impossible, and the kind, amount, and quality of the education to be

bestowed unascertainable. Petitioners did not claim to be lineal descendants of the testatrix.

The court did not err in refusing the grant of an interlocutory injunction, as, according to the well-settled rules for the exercise of the power of a court of chancery over charities, the provisions of the will under consideration are sufficiently definite and specific in their objects to be capable of execution. "A devise or bequest to a charitable use will be sustained and carried out in this State." Civil Code, § 3914. Among the subjects of charity designated in section 4605, falling within the jurisdiction of equity for enforcement, are the "relief of poor people," "every educational purpose," and "other similar subjects, having for their object the relief of human suffering, or the promotion of human civilization." "A devise or bequest to a charitable use will be sustained and carried out in this State; and in all cases where there is a general intention manifested by the testator to effect a certain purpose, and the particular mode in which he directs it to be done fails from any cause, a court of chancery may, by approximation, effectuate the purpose in a manner most similar to that indicated by the testator." Civil Code, § 3914. "If the specific mode of execution be for any cause impossible, and the charitable intent be still manifest and definite, the court may, by approximation, give effect in a manner next most consonant with the specific mode prescribed." Civil Code, § 4604. In *Beall* v. *Fox,* 4 *Ga.* 404, charitable bequests to the treasurer of the American Bible Society, and to the treasurer of the Domestic Missionary Society, for the sole use, benefit, and behoof of the said societies, were held to be definite and specific as to the objects of the trusts designated. In *Newson* v. *Starke,* 46 *Ga.* 88, it was held: "A bequest to the inferior court of a county of a sum of money to be placed in the hands of four men, who are to give bond and security, whose duty it shall be to loan out said amount and pay over the interest annually to the inferior court, to pay for the education of poor children belonging to the county, and providing that no part of the principal shall be used for that purpose, is, according to the well-settled rules for the exercise of the inherent power of a court of chancery over charities, sufficiently definite and specific in its objects and sufficiently capable of execution to authorize and require our courts of chancery to give it effect. It is the duty of the inferior court, on its acceptance of the trust in such

case, to appropriate the money as directed, and, if any difficulties arise, or any uncertainties exist, as to the precise objects, or as to the mode of applying the fund, to apply to the chancellor, who will direct, by decree, the leading details of the scheme to be adopted." McCay, J., delivered for the court an able opinion, in which he cited many authorities to sustain the judgment rendered. That case was cited with approval in *Beckwith* v. *Rector etc. of St. Philip's Parish,* 69 *Ga.* 564, 569, where it was held: "The rules governing the establishment and administration of charitable trusts are different from those applicable to private trusts, in giving effect to the intention of the donor and in establishing the charity. In private trusts, if the cestuis que trust are so uncertain, or so incapable of taking, that they can not be identified or can not by legal or equitable proceedings claim the benefit conferred on them, the gift will fail and revert to the donor or his heirs. But if a gift is made for a public charitable purpose, it is immaterial that the trustee is uncertain or incapable of taking, or that the objects of the charity are uncertain and indefinite. It will, nevertheless, be sustained. Courts look with special favor upon such trusts." In *Egleston* v. *Trust Co.,* 147 *Ga.* 154 (93 S. E. 84), a stated sum was bequeathed to a named trustee to be expended by him, with the advice and consent of three designated persons, "for the purchase of a lot and the erection thereon of a hospital for children, the same to be known as the 'Henrietta Egleston Hospital for Children.'" This court denominated this bequest as "clear, certain, and definite." Many cases in support of the holdings here made are cited in 11 C. J. 346; 6 Cyc. 906 et seq.; 5 Am. & Eng. Enc. L. (2d ed.) 905 et seq.; 5 R. C. L. 309 et seq.; Perry on Trusts, §§ 670, 687, 699; 3 Story's Eq. Jur. §§ 1550 et seq.; 1 Pomeroy's Eq. Jur. § 154; 3 Ib. §§ 1019, 1020, 1025, 1027; Clark's Equity, § 270.

*Judgment affirmed. All the Justices concur.*