HODGSON *et al. v.* HODGSON, *executor, et al.*

ATKINSON, J.　1. In the fifth item of a will the testator made provision for the creation of a fund to be held by the executors as a trust fund, and gave directions as to the use and employment of a part of it. It was then provided: "And from the rest and residue of this fund of two shares, and after said special bequests have been paid, there shall be made annually, as long as it shall last, liberal donations for charitable purposes, especially Decatur Orphans' Home and assistance to homes for fallen women in Georgia." *Held,* that under a proper construction the executors were authorized to make donations from such fund to other charitable purposes, institutions, persons or individuals who in their judgment are deemed subjects of charity, as well as to the Decatur Orphans' Home and homes for fallen women in Georgia. In this connection see *King* v. *Horton,* 149 *Ga.* 361 (100 S. E. 103).

2. Under a proper construction of subdivision (*b*) of item 4 of the will, taken in connection with the codicil, the trustees were authorized to make donations of the income and corpus of the bequests in behalf of two named sons of the testator, prior to their becoming 35 years of age.

3. The executors of the will filed a suit in equity, asking a construction of specified items of the will and directions. Certain legatees who were named as defendants filed an answer in the nature of a cross-petition, in which they sought construction of other items of the will, and alleged facts on the basis of which, under a stated interpretation of such items of the will, it was alleged that the defendants would be entitled to recover from the executors certain moneys, the proceeds arising from a sale of land alleged to have been donated by the testator before his death. ·Upon such allegations it was prayed that the items of the will specified in the answer be construed, and that the executors be decreed to pay to the defendants the amounts derived from the sale of the land. The plaintiffs demurred to these portions of the answer, on the grounds: (*a*) that they were not responsive or germane to the allegations of the petition; (*b*) that defendants had an adequate remedy at law; (*c*) that the allegations failed to state a legal or equitable cause of action.  The plaintiffs also moved to strike the same portions of the answer, on the ground that the allegations thereof were not germane or responsive to the allegations of the petition; but the motion to strike did not state that the allegations were insufficient to set forth a cause of action. Subsequently to the appearance term the judge entered a judgment which declared: "After considering the petition and answer . . and . . demurrer· filed to said answer and the ˙motion to strike the same, it is ordered . . that so much of said answer which seeks [the relief

to which the demurrer and motion to strike relates] be and the same is hereby stricken." No exception was taken to this judgment; and at a subsequent term the defendants offered amendments elaborating the grounds taken in the original answer, and seeking in effect to recover the land instead of the proceeds of the sale. Demurrers to the amendment and special pleas were filed, urging that the defendants were concluded by the judgment above mentioned, and that the amendment set forth no cause of action. The judge sustained the demurrers and pleas; the amendments were disallowed; and a decree was duly entered. The defendants excepted to the judgment disallowing the amendment to the answer and also to the final judgment of the court. *Held*:

(*a*) The judgment striking the original answer, construed in the light of the pleadings, was an adjudication that the defendants could not call for a construction of those items of the will specified in the answer, rather than an adjudication that the defendants were not entitled to any relief upon a proper construction thereof.

(*b*) The amendments to the defendants' answer which were disallowed did not materially change the cause as presented by the original answer; and the court did not err in disallowing such amendments on the ground that defendants were not entitled to ask for a construction of the will.

(*c*) In view of the grounds of demurrer to the defendants' answer and motion to strike the same, and considering the terms of the judgment striking certain portions of defendants' answer, such judgment should be construed as holding that the defendants were not entitled to set up and have adjudicated in this action the relief prayed for in their answer, and not a decision on the merits of their claims. So construing the judgment, the court rightly held that the amendment to the answer, which was merely elaborative of the allegations in the original answer, was to this extent res adjudicata.

4. It follows that the judge did not err in directing the verdict and entering the decree.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent on account of sickness.*

No. 1448. FEBRUARY 26, 1920.

Equitable petition. Before Judge Hodges. Clarke superior court. April 18, 1919.

*Richard B. Russell, Thomas J. Shackelford,* and *John J. & Roy M. Strickland,* for plaintiffs in error.

*John B. Gamble, T. W. Rucker, R. L. Avary, Erwin, Erwin & Nix, L. C. Rucker, H. S. West,* and *DuPree Hunnicutt,* contra.