MURRELL *v.* HORTON *et al.*

No. 7640.    October 17, 1930.

*Sam E. Murrell, R. E. Church, K. R. Murrell,* for plaintiff.
*Branch & Howard* and *Bond Almand,* for defendants.

Hill, J.    Mrs. Myrtle J. Murrell, née Hailey, brought an action against O. E. Horton and M. C. Horton individually and as trustees of the Frances Clementine Tucker Fund, and alleged in substance the following: Plaintiff is a second cousin of Mrs. F. C. Tucker, deceased, who on October 1, 1915, by her will created an alleged trust fund for the education of "poor, worthy girls of good families and legitimate." She died on November 5, 1917. O. E. and M. C. Horton, according to the terms of the will, were made trustees thereof. On or about May 12, 1923, plaintiff learned of the trust fund, but did not learn of the conditions of the will under which the trust fund was created. "Plaintiff qualified under the conditions of said will, and obtained $200 from said O. E. and M. C. Horton, out of the funds of said trust; and on August 22, 1924, she obtained $200 more from said O. E. and M. C. Horton out of the funds of said trust." Being ignorant of the provisions of the will, plaintiff gave two notes for $200 each, dated May 12, 1923, and August 22, 1924, payable to O. E. and M. C. Horton, bearing interest at the rate of four per cent. per annum. At the time of making the notes plaintiff was under the age of twenty-one years, and unmarried, and did not become of age until May 13, 1927; since obtaining the money plaintiff has paid on the notes the sum of $444.52, all of which money was paid to the defendants while she was a minor and unmarried, except the sum of $194.52, which latter sum she paid under a misstatement of facts of the conditions of said will, and under false and fraudulent misrepresentations of O. E. and M. C. Horton that said will only provided for loans to beneficiaries under the same, and that they would be forced to institute suit against plaintiff on the notes for their collection, and thereby plaintiff would incur additional liability for attorney's fees and costs of court. She attaches to the petition a copy of the will, and alleges that it shows on its face that the funds

are to be given and not loaned to all girls who qualify under the terms of the will; that the notes were void, because they were made by a minor and their making has not been ratified by plaintiff since attaining majority; that the money she paid was illegally obtained by O. E. and M. C. Horton, and she is entitled to recover of them said amount with legal interest; that under the terms of the will she was entitled to have the money given and not loaned to her; that after she had fully paid off the notes, she demanded that the defendants return them to her, but they failed and refused to do so; that although the notes were fully paid off and discharged on July 31, 1929, they were not returned to plaintiff until October 9, 1929, after defendants had learned that she contemplated filing this petition against them, and while the petition was actually prepared and ready to be filed; that the defendants are illegally loaning the trust funds of Frances Clementine Tucker Fund, and to their own individual advantage; that they have not complied with the statutes in such cases made and provided, in that they have not paid the license tax required by law to engage in such business, nor have they received a license to do so; and that they should be removed as trustees of said estate or fund. Plaintiff brings this suit without waiving any rights she may have to contest the validity of the will. She prays that she have judgment against the defendants in the sum so illegally collected of her; and that the defendants be removed as trustees of said estate or fund.

The defendants filed a demurrer upon the following grounds: (1) The petition sets forth no cause of action. (2) The allegation, "which latter said amount she paid under a misstatement of the facts and the conditions of said will, and under false and fraudulent misrepresentations of the said O. E. and M. C. Horton," is a mere vague, general conclusion, without any facts being alleged upon which to base it, because it does not appear what misstatements of facts or what claims were made to plaintiff or what false and fraudulent misrepresentations were made. (3) The plaintiff should be required to allege the facts upon which she bases the allegation that the defendants are illegally lending said trust fund, and to their own individual advantage. The court sustained the demurrer and dismissed the case. The plaintiff excepted.

The portion of the will of Mrs. F. C. Tucker, attached to the petition, which is necessary to a clear understanding of the ques-

tions here involved is as follows: "Item 2. I give, devise, and bequeath to O. E. and M. C. Horton, in trust, all of my estate that I may have at the time of my death, after the payment of my funeral expenses, to be invested in safe securities, and the income arising therefrom to be used for the purpose of educating poor, worthy girls of good families and legitimate. This fund to be used as the Frances Clementine Tucker Fund." It is contended, that, under the terms of the trust as expressed in the will, the plaintiff was entitled to have the fund which was borrowed from the trustees given to her, for the reason that if the fund were to be loaned at interest it would not have been a charitable fund, and that the will shows conclusively that the fund was to be given and not loaned. To this contention we can not agree. The will expressly declared that the estate left by the testatrix, after the payment of her funeral expenses, should be invested in safe securities and the income arising therefrom was "to be *used* [italics ours] for the purpose of educating poor, worthy girls of good families and legitimate." There is nothing in the will to indicate that the fund was to be *given* to poor girls instead of to be *used* for the purpose of educating them. In *King* v. *Horton,* 149 *Ga.* 361 (100 S. E. 103), this court sustained the validity of this very will, and held that the trust created was a public trust, and that the beneficiaries of this fund could be ascertained. It was held that this fund was bequeathed to the trustees, and that no control of the fund was reserved in the donor or her heirs. The trustees were invested with the entire control of the estate left by the testatrix, first, to be invested in safe securities, and "income arising therefrom to be used for the purpose of educating poor, worthy girls of good families and legitimate." The authority to select the beneficiaries of this trust fund is, under the will, in the trustees; and we hold that neither the plaintiff nor any other beneficiary of the income from the estate left by the testatrix has any legal interest in such fund. Indeed, the plaintiff could not have legally demanded that this money be either given or loaned to her. It was within the discretion of the trustees, under the terms of the trust created, to select the beneficiaries; and the plaintiff having benefited by the exercise of such discretion by the trustees, she can not now complain of the condition imposed by the trust. Being a public trust, the courts will not interfere in the management or control of the fund as

to administrative details, when the purposes of the trust are not being ignored and the estate is not being wasted. 1 C. J. 352. The will provided that the income from the principal was to be "used" for educating a certain class of girls, and we can not construe the word "used" as meaning "given."

The court did not err in sustaining the demurrer and in dismissing the case.

*Judgment affirmed.   All the Justices concur.*