GOREE *et al.* *v.* GEORGIA INDUSTRIAL HOME *et al.*

No. 12299. November 19, 1938. Rehearing denied December 8, 1938.

*McElreath, Scott, Duckworth & DuVall,* for plaintiffs in error.
*Hirsch & Smith, W. C. Cantrell, Pindar & Pindar, Spalding, Sibley, Troutman & Brock,* and *S. W. Fariss,* contra.

PER CURIAM. Since the only questions for determination relate to orders sustaining motions to dismiss the answer and cross-petition

filed by the heirs at law, the decision of this court must depend solely upon the facts alleged in such answer and cross-petition, considered with the suit for direction. *Griffin* v. *Russell,* 144 *Ga.* 275 (2) (87 S. E. 10, L. R. A. 1916 F, 216, Ann. Cas. 1917 D, 994) ; *Pollard* v. *Blalock,* 147 *Ga.* 406 (2) (94 S. E. 226). Under these facts, did the legacy to the governing authorities of the Central Howard Association lapse, and should this portion of the estate be awarded to the heirs at law of the testator? In the brief filed for the heirs at law, as plaintiffs in error, the following contentions were stated: "(1) The bequest to the Central Howard Association was a void bequest. (2) The bequest of the residuum of the estate was not a bequest to orphan children generally. (3) The cy pres doctrine does not apply to the void bequest to the Central Howard Association. (4) The bequest to the Central Howard Association fell to the heirs at law of the testator." It is our opinion that the devise to the governing authorities of the named association was not a void bequest, but was a charitable bequest for the benefit of orphan children, sustainable according to the general intention of the testator, notwithstanding there may have been no orphans' home of the name stated, either in the City of Macon or elsewhere, and no such "governing authorities" as were mentioned in the will. Under the Code, the following are among the subjects declared to be proper matters of charity for the jurisdiction of equity: relief of poor people; every educational purpose; and "other similar subjects, having for their object the relief of human suffering or the promotion of human civilization." § 108-203. As was stated in *Newson* v. *Starke,* 46 *Ga.* 88, 92, this section "almost copies the statute of 43d Elizabeth,"—otherwise known as the statute of charitable uses, enacted by the English Parliament in the year 1601. 11 C. J. 306, § 10. Other pertinent provisions of the Code are as follows: "Equity has jurisdiction to carry into effect the charitable bequests of a testator, or founder, or donor, where the same are definite and specific in their objects, and capable of being executed." § 108-201. "When a valid charitable bequest is incapable for some reason of execution in the exact manner provided by the testator, donor, or founder, a court of equity will carry it into effect in such a way as will as nearly as possible effectuate his intention." § 108-202. "A devise or bequest to a charitable use will be sustained and carried out in this State; and

in all cases where there is a general intention manifested by the testator to effect a certain purpose, and the particular mode in which he directs it to be done shall fail from any cause, a court of chancery may, by approximation, effectuate the purpose in a manner most similar to that indicated by the testator." § 113-815. "A trust shall never fail for the want of a trustee." § 108-302.

It is apparent from a consideration of the entire will and the codicil that the legacy "to the governing authorities of the Central Howard Association, same being an Orphan's Home located at Macon, Georgia," was not intended for the benefit of any particular institution or individual, but was a devise or bequest to a general charitable use, the beneficiaries of which were such orphans as might from time to time become inmates of the nominated orphan's home located at Macon, Georgia. The manifest intention was to create a trust for the benefit of this general class, and to invest the designated "governing authorities" merely with the office of trustee, with no other right or function. As thus construed the devise in question is sufficiently definite and specific in its objects, and is capable of being executed. In *Newson* v. *Starke,* supra, it was said: "The special chancery jurisdiction over charitable bequests grows out of the rule that, in cases of private right, courts will not enforce uncertainties, and that the parties at interest must be capable of definite ascertainment. It is of the very nature of a charity that this is impossible, and from the most ancient times courts of chancery in England have applied very different rules in determining the validity of charitable bequests from the rules applied to such as were not charitable. A less degree of certainty as to the objects of the bequest and as to the mode of its application has been required than was requisite in other bequests. It is of the very essence of a charitable bequest that the objects to be benefited shall be to some extent indefinite. . . When the framers of our Code declared our courts of chancery to have jurisdiction to enforce charitable bequests, declared what were charities and recognized the doctrine of cy pres, they intended to say something more than that courts of equity could enforce trusts. There was no propriety in giving this special jurisdiction if a bequest for charitable purposes, to be valid, must have the same certainty and definiteness as to its objects and mode of division as bequests, not for charitable purposes. There was no reason for defining charitable purposes if

bequests of that character must have the same definiteness and certainty as bequests for other purposes." In *Beckwith* v. *Rector &c. of St. Philip's Parish,* 69 *Ga.* 564, it was held: "The rules governing the establishment and administration of charitable trusts are different from those applicable to private trusts, in giving effect to the intention of the donor and in establishing the charity. In private trusts, if the *cestuis que trust* are so uncertain or so incapable of taking, that they can not be identified or can not by legal or equitable proceedings claim the benefit conferred on them, the gift will fail and revert to the donor or his heirs. But if a gift is made for a public charitable purpose, it is immaterial that the trustee is uncertain or incapable of taking, or that the objects of the charity are uncertain and indefinite. It will, nevertheless, be sustained. Courts look with special favor upon such trusts." See also *Egleston* v. *Trust Company of Georgia,* 147 *Ga.* 154 (93 S. E. 84); *King* v. *Horton,* 149 *Ga.* 361 (100 S. E. 103); *Beall* v. *Fox,* 4 *Ga.* 403, 404; *Walker* v. *Walker,* 25 *Ga.* 420, 429; *White* v. *McKeon,* 92 *Ga.* 343 (17 S. E. 283); *Huger* v. *Protestant Episcopal Church,* 137 *Ga.* 205 (73 S. E. 385); *Hills* v. *Atlanta Art Association,* 145 *Ga.* 856 (89 S. E. 1084); *Bolick* v. *Cox,* 145 *Ga.* 888 (90 S. E. 54); *Hodgson* v. *Hodgson,* 150 *Ga.* 51 (102 S. E. 525); *Dominy* v. *Stanley,* 162 *Ga.* 211, 215 (133 S. E. 245). Under these authorities it can not be said that the bequest here under consideration was too vague, indefinite, and uncertain to be executed. The case differs on its facts from *Bramblell* v. *Trust Company of Georgia,* 182 *Ga.* 87 (185 S. E. 72).

In 11 C. J. 363, § 77, it is stated: "Where the testator makes a bequest to some particular object of charity, as to a particular charitable institution, and the bequest fails because the object designated ceases to exist during the testator's lifetime, the fund never vests in charity at all, but the legacy lapses, and the doctrine of cy pres has no application." It is insisted for the plaintiffs in error that this statement expresses a correct principle of law and one which is applicable in the present case. We can not agree that the facts of the instant case are such as to bring it within the quoted statement. Examination by this court of the several cases cited to this text clearly reveals that the present case is of a different type, in that the devise was not to a *particular* object of charity, as to a particular *charitable* institution, with no general charitable intent.

In the same work from which the foregoing quotation is taken and in the same section, it is stated: "In applying the cy pres doctrine, equity is always more ready, in the case of a gift to a charitable institution which has never existed, to infer a general charitable intention than to infer the contrary, and to determine the donor's general intention the court may look at all of the charitable bequests in the will." 11 C. J. 362, § 77. On "approximation," see 10 Am. Jur. 676, § 123. As stated above, the intended beneficiaries of this bequest were not the members of the Central Howard Association or the governing authorities thereof, but were such orphans as might from time to time be cared for in an orphans' home which the designated "governing authorities" were supposed to maintain under that name in the City of Macon. Compare *Thompson* v. *Hale, 123 Ga.* 305, 311 (51 S. E. 383). Such being the general intention manifested by the testator, the legacy does not lapse because of the erroneous belief of the testator that the Central Howard Association was an orphans' home located at Macon, or because an orphanage of this name may not exist anywhere. In such case, while the trust may be minus a trustee, and there may be a failure in the particular mode by which the general intention of the testator was to be executed, the legacy itself will not fail, but "a court of chancery may, by approximation, effectuate the purpose in a manner most similar to that indicated by the testator," and it is apparent from this record that such duty now devolves upon the court in the present case. Code, § 113-815. See, in this connection, Russell v. Allen, 107 U. S. 163 (2 Sup. Ct. 327, 27 L. ed. 397); Jones v. Habersham, 107 U. S. 174 (2 Sup. Ct. 336, 27 L. ed. 401); Nichols v. Newark Hospital, 71 N. J. Eq. 130 (63 Atl. 621); Lynch v. South Congregational Parish of Augusta, 109 Me. 32 (82 Atl. 432); Stevens v. Smith, 134 Me. 175 (183 Atl. 344); In re Briggs' Estate, 189 Wis. 524 (208 N. W. 247); In re Walter's Estate, 150 Misc. 512 (269 N. Y. Supp. 402); In re Mills' Will, 121 Misc. 147 (200 N. Y. Supp. 701); Hartford National Bank & Trust Co. v. Oak Bluffs First Baptist Church, 164 Conn. 910 (164 Atl. 910); Teele v. Bishop of Derry, 168 Mass. 341 (47 N. E. 422, 38 L. R. A. 629, 60 Am. St. Rep. 401); Gladding v. St. Matthew's Church, 25 R. I. 628 (57 Atl. 860, 65 L. R. A. 225); Hitchcock v. Board of Home Missions, 259 Ill. 288 (102 N. E. 741, Ann Cas. 1915B, 1); In re McDole's Es-

tate, 215 Cal. 328 (10 Pac. (2d) 75); 10 Am. Jur. 610, 675-680, §§ 37, 123-128; 11 C. J. 360, § 77; 2 Bogart on Trusts, §§ 436, 437, 441.

It follows from what has been said that the heirs at law of the testator had no interest in the bequest to the governing authorities of the Central Howard Association, and that the court did not err in striking the answer and cross-petition filed by these parties. Since the bequest does not lapse, but will be applied by the court according to the general intention of the testator, whatever disposition the court may finally decide to make of it will be of no concern to the heirs at law. While it may also be true that neither Central Howard Association nor the Georgia Industrial Home had any such claim upon this bequest as to justify their motions to dismiss the answer and cross-petition of the heirs at law (MacKenzie v. Trustees, 67 N. J. Eq. 652 (61 Atl. 1027, 3 L. R. A. (N. S.) 227); 11 C. J. 366, 367, §§ 83-86), the judgment of dismissal was nevertheless correct, and may be sustained as if made by the court upon its own motion. We have reached the foregoing conclusions without reference to the act of February 22, 1937 (Ga. L. 1937, p. 593), which the plaintiffs in error say is inapplicable.

*Judgment affirmed.* *Atkinson, P. J., and Bell, Jenkins, Park, and Davis, JJ., concur.* *Russell, C. J., absent because of illness.*