## WILDER, administrator, *v.* HOLLAND *et al.*

Where a testator, whose wife and daughter were his only heirs at law, devised land to the former for life, with remainder to the latter "during her natural life, with the power to devise and bequeath the said real estate by will at her death to whomsoever she may desire," the daughter, after the death of her mother, of whom she was the sole heir, became the owner of the fee. Although under the will she took only a life-estate in the property, with the power to dispose of the same by will, she also took by inheritance as the sole surviving heir of the testator the contingent interest which would have reverted to his estate in case of a failure by her to exercise this power; and the two interests thus becoming merged in her, the effect was to vest in her a complete title to the property devised, and a deed executed by her conveyed the same in fee simple to her vendee, there being no question as to any rights of creditors of the testator.

Argued June 10, — Decided July 27, 1897.

Equitable petition. Before Luther Z. Rosser, judge pro hac vice. Fulton superior court. September term, 1896.

*Simmons & Corrigan,* for plaintiff.

*King & Spalding, Vasser Woolley* and *Anderson, Felder & Davis,* for defendants.

COBB, J. Wilder as administrator with the will annexed of John M. Weaver, filed suit against Rebecca H. Holland and others, praying for the cancellation of a certain deed, which he alleged was a cloud upon the title to property alleged to belong to the estate of his testator. On demurrer the petition was dismissed, and the plaintiff excepted. The will of John M. Weaver contained the following item: "I devise and bequeath my entire real estate to my beloved wife Elizabeth Weaver, to have and to hold the same during her natural life; and at her death to be had, held, and used by my beloved daughter Rebecca H. Renard, during her natural life, with power to devise and bequeath the said real estate by will at her death to whomsoever she may desire." Elizabeth Weaver and Rebecca H. Renard, who has since intermarried with Holland, were the only heirs of the testator. Elizabeth Weaver died in November, 1886, leaving Mrs. Holland as her sole heir. Mrs. Holland on July 30, 1890, executed a warranty-deed in fee simple to certain lands which belonged to John M. Weaver at the time of his death. This is the deed alleged to

be a cloud upon the title of the estate of the plaintiff's testator, and which it is prayed may be canceled. It is contended that as the will gave Mrs. Holland a life-estate with power to dispose of the property by will, the making of the deed was not a good execution of the power, and therefore, being void, is a cloud upon the reversionary interest which it is alleged will come back to the estate of John M. Weaver, after the death of Mrs. Holland.

If the title of Mrs. Holland depended upon the will alone, and the only interest which she had in the property were derived therefrom, her interest would be a life-estate with power to dispose of the property by will at her death. The mere fact that she has the power given to dispose of this property does not increase into a fee the estate which she takes, and upon her failure to exercise the power at her death, the property would revert to the estate of John M. Weaver, to go to whomsoever his will directed in such contingency, or upon failure of such direction, to his heirs at law. *Edmondson* v. *Dyson*, 2 *Kelly*, 307; *Haralson* v. *Redd*, 15 *Ga.* 148. The power conferred being to dispose of the property by will, the deed disposing of the property would not be a good execution of the power, and would not prevent the property from reverting to the estate of the testator. *Porter* v. *Thomas*, 23 *Ga.* 468.

But Mrs. Holland has an interest in the property which she derived from another source. The will provided for no limitation over, in the event that she failed to exercise the power conferred upon her; and as she and her mother were the only heirs of John M. Weaver, upon his death the reversion vested in her mother and herself as heirs at law. There being nothing in the will expressly directing the reversion to vest in any other person, it necessarily vested in the heirs at law; and this would be true, even if the intention to disinherit the heirs were ever so manifest. The heir can not be disinherited, unless the property be expressly devised to some other person. *Wright* v. *Hicks*, 12 *Ga.* 155; *Miller* v. *Speight*, 61 *Ga.* 460. Upon the death of Mrs. Weaver, Mrs. Holland, as her sole heir, became vested with the remaining one-half interest in the reversion belonging to the estate of John M. Weaver. We find,

therefore, that at the date of the deed which is attacked in this case, Mrs. Holland had vested in her a life-estate annexed to which was a power of disposition by will, which was derived from the will of her grandfather; that she had also vested in her the reversion which was undisposed of by her grandfather's will; and upon the well-settled doctrine of merger of estates, the less estate, that is the life-estate, coupled with the power, became merged into the greater estate, that is the fee represented by the reversion, and Mrs. Holland became the fee simple owner of the property. The two estates being in the same property, and being united in the same person in her individual capacity, the less estate is merged into the greater. Civil Code, § 3106. It is true that merger does not, in general, take place when the person in whom the two estates meet intends that it shall not take place. *Knowles* v. *Lawton*, 18 *Ga.* 476. Still where it is manifest that the person in whom the two estates meet intends that the merger shall take place, it can not be defeated by other parties. Therefore it was in the power of Mrs. Holland to so deal with her property as to preserve for the purposes of disposition by her the two estates which came to her, or she could deal with it so as to manifest an intention that the less estate should merge into the greater. The effect of the merger being to vest in her a fee simple estate, the fact that she made a deed conveying it in fee is conclusive evidence of her intention that the merger should take place. Under the operation of the merger, she was the owner in fee simple of the property at the time that she made the conveyance, and it was no concern of the administrator of her grandfather's estate that she so dealt with it. The administrator in his application does not show that there were any creditors of the estate; and even if it were necessary for the benefit of creditors that the administrator should institute such proceedings, nothing appears in the petition to authorize it in their behalf.

Mrs. Holland being the owner of the property, her conveyance in fee simple could not be a cloud upon any title of the estate of John M. Weaver; and the court was right in dismissing the case.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., disqualified.*