SMITH *et al. v.* MOORE, administrator.

1. A testator left both realty and personalty. The only item of his will necessary to be considered here is as follows: "I give, bequeath, and devise to my wife, Affiah Ballenger, all of my real and personal property in fee simple during her lifetime, free of all charge, to her own proper use, benefit, and behoof, with the privilege of selling or disposing of any real or personal property she may think best, except my farm on the Oostanaula river, known as the Caldwell place; she is to collect the rents of said farm and use the same." The wife of the testator survived him, and was his sole heir. *Held*, that whether the testator by the terms of his will sought to carve out a life-estate in his property, or whether under his will the wife took a fee-simple title, inasmuch as there were no limitations over upon the death of the wife, she became vested with the complete title to all of the property.

2. The wife having died, her duly appointed administrator was the proper party to caveat an application by the next of kin of the deceased husband for letters of administration cum testamento upon his estate, inasmuch as there was no reversionary interest in his estate which the applicants would have had the right to administer or to interfere with.

Argued June 21,—Decided December 19, 1907.

Appeal. Before Judge Wright. Floyd superior court. December 5, 1906.

*W. M. Henry, W. H. Ennis,* and *W. B. Shaw,* for plaintiffs, cited *Ga. R.* 113/781, 1006; 100/339; 108/354, 665; 56/146; 115/896;

24/338; 25/141; 121/529; 124/204; 102/212; 1 *Ga. D.* 80; Civil
Code, §§3355, 3358 3313, 3324, 3457, 5202, 4689, par 3.

*George A. H. Harris & Son,* for defendant, cited *Ga. R.* 35/63;
63/438; 79/568; 12/158; 1/97; 8/34; 61/460; 77/794; 15/458;
21/386; 98/386; 102/44; 114/593; Civil Code, §§3323, 3324, 3355,
par. 1; 4 Kent's Com. 319.

BECK, J.   1. The issues in this case arose upon an application
to the court of ordinary by P. B. Smith and E. C. Smith, as the
next of kin of M. R. Ballenger, deceased, for letters of administra-
tion with the will annexed upon the estate of said M. R. Ballenger.
Said application was caveated by W. C. Moore, administrator of
Mrs. Affiah Ballenger, deceased, and applicants demurred to said
caveat.   The case was appealed by consent to the superior court,
and there submitted to the presiding judge without the interven-
tion of a jury.   The court overruled applicants' demurrer, and the
case proceeded to trial upon the application and caveat.   It appears
from the agreed statement of facts that in 1886 M. R. Ballenger
died testate, leaving in life his wife, the said Mrs. Affiah Ballenger,
but he left no lineal descendants.   The only item of the will of
M. R. Ballenger, material to the questions involved in this case, is
as follows:   "I give, bequeath, and devise to my wife, Affiah Ballen-
ger, all of my real and personal property in fee simple during her
lifetime, free of all charge, to her own proper use, benefit, and be-
hoof, with the privilege of selling or disposing of any real or per-
sonal property she may think best, except my farm on the
Oostanaula river, known as the Caldwell place; she is to collect the
rents of said farm and use the same."   This will was duly probated,
and Mrs. Affiah Ballenger qualified as executrix.   Mrs. Affiah Bal-
lenger remained in possession of all of the estate left by M. R.
Ballenger, including the Caldwell place, until her death in 1905,
except so much of the personal estate as she consumed.   The ca-
veator, Moore, was duly appointed administrator of Mrs. Affiah Bal-
lenger.   After hearing evidence and argument, the court passed an
order sustaining the caveat filed by said Moore, administrator, and
denying the application for letters of administration on the estate
of M. R. Ballenger.   The applicants, P. B. Smith and E. C. Smith,
excepted.

It is unnecessary to construe the item of the will set out above,
with reference to the question as to what estate the wife of the

testator took under the terms of that will,—that is whether she took a life-estate in all of the property, or a fee in a part and a life-estate in the remainder.   Whatever answer might be made to either of those questions, the result, so far as the issues of this case are concerned, would be the same.   The testator's wife, the legatee and devisee named in the will, was sole heir of her husband, there being no lineal descendants of his in life at the time of his death.   If Mrs. Affiah Ballenger took a life-estate merely in her husband's estate under the terms of the will, there being no limitation over after the life-estate, it is clear that the entire estate vested in her. The mere fact that the wife, who was sole heir, took a life-estate under the will, could not have the effect to disinherit her as to any interest which she might have had as heir.   As was said in the case of *Wilder* v. *Holland,* 102 *Ga.* 44, "There being nothing in the will expressly directing the reversion to vest in any other person, it necessarily vested in the heirs at law; and this would be true even if the intention to disinherit the heirs were ever so manifest. The heir can not be disinherited, unless the property be expressly devised to some other person."   In the case of *Oliver* v. *Powell,* 114 *Ga.* 592, it was held, that, "Where realty is devised to one for life, and no further testamentary disposition thereof is made, the reversionary interest in the fee remaining in the testator's estate vests immediately upon his death in those who are then his heirs at law, with the right of possession postponed until the death of the life-tenant, and does not remain in abeyance while he lives and at his death vest in those who would then be such heirs."   If by the terms of the will a life-estate was carved out of the estate of the testator and vested in Mrs. Ballenger, the remainder interest was cast on her by law and the two interests merged, and she was vested with a complete title to the property of the testator.

2. Mrs. Ballenger having gone into possession of the property and having died in possession of all that remained unconsumed, her duly appointed administrator was entitled to administer it, and the plaintiffs in error were not entitled to letters of administration cum testamento on the estate of M. R. Ballenger.   They had no interest whatever in the property they sought the right and power to administer.   That property was already in the hands of the one who was the proper party to administer it, and the proper party to raise objections to any interference upon the part of the applicants for

the letters of administration on the estate of M. R. Ballenger. And the judgment of the court below sustaining those objections was right and should not be disturbed.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*