## BOWEN *et al. v.* DRIGGERS.

1. A testator devised a tract of land to his wife "for and during her life until her death; then the above property to go back to the estate of the said [testator]." After the death of the testator his wife remarried and died. She was survived by her second husband. She left no children or descendants of children as the offspring of either marriage. *Held*, that by the will of the testator his wife took a life-estate in the land; and there being no other heir at the time of the testator's death, she inherited the reversion; and the two estates merged into a fee simple.

2. Upon the death of the woman in whom a fee-simple estate had vested by merger, her surviving husband inherited the property as her sole heir; and persons claiming to be heirs of the testator after the death of the life-tenant acquired no title.
　　　　　　　　　　　JULY 11, 1912.

Complaint for land. Before Judge Rawlings. Toombs superior court. February 21, 1911.

*Williams & Giles* and *P. W. Meldrim,* for plaintiffs.
*Hines & Jordan,* for defendant.

LUMPKIN, J. If a testator devises a life-estate in land, the devisee takes only a life-estate by virtue of the will. If the testator makes no provision as to what shall become of the reversion, upon his death it passes to and vests in his heir or heirs. Here the widow of the testator took a life-estate under the will. No provision was made as to who should take the remainder. Therefore, upon the death of the testator, by inheritance it passed to his heir.

It happened that the widow was his sole heir. Thus she took under the will a life-estate, and as sole heir was vested with the remainder by inheritance. There is nothing to indicate any intention on her part to keep the two estates separate. They accordingly merged, and she became the owner in fee simple of the property. Upon her death her sole heir inherited from her. Persons who claim to be heirs of her first husband had no interest in the land, and no right to recover it from her second husband. It was accordingly proper to sustain a demurrer to an action filed for that purpose, the facts stated in the headnote appearing on the face of the petition. Civil Code, § 3929; *Wilder* v. *Holland,* 102 *Ga.* 44 (29 S. E. 134); *Oliver* v. *Powell,* 114 *Ga.* 592 (4), 600 (40 S. E. 826); *Smith* v. *Moore,* 129 *Ga.* 644 (59 S. E. 915).

*Judgment affirmed. All the Justices concur.*