## HOLY TRINITY GREEK ORTHODOX CHURCH *v*. BRANSFORD *et al.*

GILBERT, J. This is a suit for specific performance of a contract for land. Under the pleadings and the agreed statement of facts the court did not err in rendering a decree in favor of plaintiffs.

*Judgment affirmed. All the Justices concur, except George, J., absent.*

No. 2143. MARCH 16, 1921.

Specific performance. Before Judge Hammond. Richmond superior court. June 21, 1920.

On December 17, 1919, a contract for sale of real estate was entered into by Mrs. Bransford as party of the first part and the plaintiff in error as party of the second part; the former obligating herself to furnish to the latter a good, marketable title, and to convey by warranty deed. The contract contained this stipulation: " It is agreed between the parties that if, in the construction of the trust deed from Alfred Baker [hereafter referred to], a question arises over the possibility of issue of Mrs. Bransford, this question is waived; and should this be the only defect in the title offered, the party of the second part shall be bound to take the property and to pay the purchase-money. If a marketable title (with this exception) cannot be furnished, the party of the second part shall not be bound to take the property or to pay the purchase-price." On February 16, 1920, in compliance with the contract Mrs. Bransford executed a warranty deed conveying the property described in the contract, tendered it to the other party, and demanded payment of the purchase-price. Acceptance of the deed and payment of the price were refused, for the reason that the property was held by Mrs. Bransford under the terms and conditions of a trust set forth

in a deed from her father, Alfred Baker, to himself as trustee for her, dated May 25, 1888, and that "the interest of Alfred Baker as a contingent reversioner or remainderman under the trust deed will pass to the heirs at law of Alfred Baker, to be determined at the death of Mrs. Bransford." Thereupon Mrs. Bransford brought suit and obtained a decree for specific performance of the contract of sale; to which decree the defendant excepted.

The material part of the trust deed of May 25, 1888, is as follows: "In trust for the sole and separate use of Lizzie F. Bransford, daughter of Alfred Baker, for and during her natural life, free from the debts, contracts, liabilities, or control of any husband, and after her death in further trust for the use and benefit of any child or children living at her death; or if they all die during their minority, then this trust to cease, and the property hereby conveyed . . shall go by reversion or remainder to grantor hereof, the said Alfred Baker. But if she shall leave child or children and any of her children attain majority, and provided they attain majority, then and in such case in further trust to hold said property . . till they attain majority, and, as each child attain such age, to convey said property in fee simple, share and share alike, to such child or children so attaining majority." When this deed was executed the plaintiff was married, and thereafter she bore two children, both of whom died on August 24, 1911, during their minority. Soon thereafter their father died, leaving the plaintiff, who "is now a widow without children, and is over sixty years of age, unmarried, and has attained the age where the possibility of issue is extinct." The statement just quoted from the petition is admitted in the answer, wherein the defendant "specifically waives any question over the possibility of further issue of Mrs. Bransford," and "agrees that the issues made by the pleadings are to be determined as though in law the possibility of issue is extinct." Also, in an agreement of facts on which, in connection with the pleadings, the parties submitted the case for decision by the judge, appears the statement: "The possibility of issue is, so far as this case is concerned, extinct. If the deed tendered by the plaintiff passes a good and marketable title except for the legal possibility of additional issue of the plaintiff, the defendant is satisfied therewith."

In the agreement of facts it is admitted that if the plaintiff owns

the estate in reversion by inheritance from her father, as well as the life-estate under the trust deed, she has a good, marketable title to the property, and the deed tendered by her would pass a good and sufficient title to the defendant. It was further alleged and admitted, that Alfred Baker died intestate on June 16, 1896, owing no debts, and leaving as his sole heirs at law his widow (the plaintiff's mother) and the plaintiff, his only child; that there was no administration on his estate; that his widow died intestate on May 16, 1899, leaving the plaintiff as her sole heir at law; that there was no administration on her estate, and her debts have been paid; and that on January 16, 1897, in appropriate proceedings the plaintiff was legally appointed substituted trustee in lieu of Alfred Baker, deceased, and duly qualified by giving bond, and continued to act as trustee until after the death of her two minor children in 1911.

Counsel cited *Haddock* v. *Perham,* 70 *Ga.* 572; *Oliver* v. *Powell,* 114 *Ga.* 592; *Smith* v. *Moore,* 129 *Ga.* 644; *Wilder* v. *Holland,* 102 *Ga.* 44, and cit.; *Bowen* v. *Driggers,* 138 *Ga.* 398; *Sumpter* v. *Carter,* 115 *Ga.* 893, 900; *Glore* v. *Scroggins,* 124 *Ga.* 922, 924, and cit.; *Williams* v. *Frierson,* 150 *Ga.* 797, 799, and cit.

*W. H. Fleming* and *Alexander & Lee,* for plaintiff in error.
*Callaway & Howard,* contra.