Matthias, J.
 

 The only question presented to this court is whether the personal property owned by the testatrix at the time of her death was disposed of by her will. If it was not, it follows that under the statute of descent and distribution, there having been no children or their legal representatives, such property passes to and vests in the surviving husband. The provision of this will which it is claimed has the effect of disposing of the personal property of the testatrix is contained in item 5 and is as follows:
 

 “All the rest and residue of my said property realized from the sale of my said real estate, I desire divided into two equal parts [the manner of distribution of which is then directed].”
 

 It is to be observed that by item 2 all real and personal property was given to the husband for and during his natural lifetime or so long as he remained unmarried. Item 3 directs the sale of a certain 100-acre farm, therein described, upon
 
 *431
 
 the death or remarriage of the husband, and specifically provides the manner of distribution of the proceeds. By item 4 it is directed that at the death or remarriage of the husband the executor shall sell all other real estate belonging to the testatrix and pay certain legacies, one of $3,000 and two of $500 each, and immediately following this provision is the language of item 5 above quoted. That provision makes no reference whatever to personal property, but only to the sum or proceeds realized from the sale of the real estate disposed of by virtue of the preceding item, for we have seen that the entire proceeds of the 100-acre farm had been disposed of under the provisions of item 3.
 

 But it is claimed that there is an ambiguity, and that where there is ambiguous language in a will it must be so construed as to carry out the intention of the testator, if that can be gathered from other portions of the will, and then it is argued that other portions of the will show the desire and purpose that the husband have only the use of the personal property during his life or his widowerhood.
 

 The whole difficulty with the application of that proposition here lies in the fact that there is no ambiguity. If item 5 read “all the rest and residue of my said property,” it would pass not only the funds realized from the sale of the real estate referred to, but all the personal property. But that is not the language used by the testatrix, and the words of limitation used by her surely cannot be disregarded, for the property she there bequeathed was only that
 
 “realized from the sale
 
 
 *432
 

 of my said real
 
 estateIt may be admitted that when the lifetime nse of the personal property was given to the husband in item 2, the testatrix intended later in the will to make full and final disposition thereof; but clearly she did not do so. It is an elementary principle of construction that where a testator has not disposed of his property by will, the courts cannot, under the guise of construction, make a new or corrected will for him in order to dispose of his property and avoid intestacy. And even if words of exclusion- were used they would not serve the purpose of preventing property which had not been disposed of by the terms of the will from passing under the statute of descent and distribution. The question which the court is to determine is not where the testatrix would have directed that the residue of her estate should go, but only whether by the language used in her will she did make any disposition thereof. In order to determine that by the provisions of item 5 the testatrix did bequeath her personal property, it is necessary to strike bodily from that provision of the will the very material and controlling clause, “realized from the sale of my said real estate,” or, if that be not done, to add thereto some such provision as “and all my personal property.” It is doubtful whether any language could have been used which would have more clearly limited the property bequeathed in item 5 to the proceeds of the sale of the designated real estate than that used. But even if it be admitted that some word more apt and appropriate than “property,” such as “proceeds,” or “money,” or “fund,” could have been employed, still that
 
 *433
 
 would not warrant a total disregard of the language used, when the meaning of that language is clear. The court must assume that testatrix meant what she said, and surely cannot ascribe a meaning contrary to the ordinary and usual significance of the language used. •
 

 It is impossible to construe the provision in question as a general residuary bequest without striking therefrom language clear and easily understood, or adding some provision such as above suggested, which would have the effect of completely changing the meaning and purport of the language used. That would not be interpretation; the language is not ambiguous and therefore needs no interpretation. It would be judicial construction in the sense of making a will, or at least of adding an item disposing of property which the testatrix, intentionally or inadvertently, had not either specifically or generally bequeathed. The presumption against partial intestacy cannot have the effect of a bequest of property where none in fact was made. The question always before the mind of the court must be not what should the testator have done, but what did he do and what did he mean by the words which he actually employed. We are in no sense disregarding the rule always applicable, that the intention of the testator shall govern and that such intention shall be gathered from the entire instrument.
 

 In this connection the language used by Judge Ranney in the early case of
 
 Crane
 
 v.
 
 Executors of Doty,
 
 1 Ohio St., 279, 282, is pertinent:
 

 “It is very true that our law has always allowed to every person of mature age, absolute dominion
 
 *434
 
 over all he may possess, to dispose of it by last will and testament, saving the rights of the widow and creditors, if any; and it is equally true, that where such disposition is made, the will will be construed with great liberality for the purpose of arriving at the intention of the- testator. But it is very clear that even the expressed/intention of the testator cannot be regarded in the absence of such disposition; and this arises from the very nature and office of a will, which is defined to be 'an instrument by which a person makes a disposition of his property to take effect after his decease.’ If the owner, therefore, for any reason, fails in his lifetime to designate who shall succeed to it, the law steps in at his death and supplies the omission, and oasts it upon the heir at law.”
 

 The court went much further in that case than we are called upon to do here, for it was there held that "a testator cannot, by any words of exclusion used in his will, disinherit one of his lawful heirs, in respect to property not disposed of by his will.” The rule applicable to this case is concisely stated by Page on Wills, Section 467, as follows: "Where testator malíes specific bequests of his property, and leaves a part of the same undisposed of, such part will descend in accordance with the law of descent and distribution, irrespective of the actual intention or expectation of testator,” in support of which the following cases are cited:
 
 Bill
 
 v.
 
 Payne,
 
 62 Conn., 140, 25 A., 354;
 
 Wilder
 
 v.
 
 Holland,
 
 102 Ga., 44, 29 S. E., 134;
 
 Andrews
 
 v.
 
 Harron,
 
 59 Kan., 771, 51 P., 885;
 
 State
 
 v.
 
 Holmes,
 
 115 Mich., 456, 73 N. W., 548;
 
 Clarkson
 
 v.
 
 Pell,
 
 17 R. I., 646, 24 A., 110;
 
 Young
 
 v.
 
 Kinkead’s Admrs.,
 
 101 Ky., 252, 40
 
 *435
 
 S. W., 776, and
 
 Mathews
 
 v.
 
 Krisher,
 
 59 Ohio St., 562, 53 N. E., 52.
 

 In the case of
 
 Mathews
 
 v.
 
 Krisher,
 
 the facts are quite similar to the case at bar in that the testator had devised all his lands to his wife “as long as she shall live,” making no further disposition thereof. It was there claimed, as here, that the terms of the will limited her interest to an estate for life notwithstanding the provisions of the statute of descent and distribution. This court held:
 

 “The comprehensive language in which the statute is made applicable to all cases of intestacy compels the acceptance of the rule, generally recognized, that the heir at law can be disinherited only by a devise of the property to another.” Citing
 
 Crane
 
 v.
 
 Executors of Doty, supra.
 

 The bequest in question having disposed only of the fund to be realized from the sale of real estate, and there being no general residuary bequest, it follows that, the personal property of the testatrix not having been disposed of by her will, the absolute title thereto passes to the surviving husband by virtue of the statute of descent and distribution.
 

 The decree of the Court of Appeals is accordingly modified, and, as so modified, affirmed.
 

 Judgment modified, and affirmed as modified.
 

 Marshall, C. J., Robinson and Jones, JJ., concur.