HILL *et al. v.* HILL *et al.*

1. The will being in writing and free from ambiguity, it can not be varied, contradicted, or added to by invoking the aid of parol testimony.

2. The bequest to the wife of the household and kitchen furniture and live stock of the testator is without limitation, and vests in her the fee in said property.

3. Disherison of the heir at law does not arise except by express devise or by necessary implication, and the implication to that effect must amount to such strong probability that an intention to the contrary can not be supposed.

4. Where the testator devised to the wife during life or widowhood his residence, bequeathed to her all his household and kitchen furniture and all his live stock without limitation, gave to his wife during her life or

---

Wills 40 Cyc. pp. 1412, n. 18; 1427, n. 8; 1607, n. 76; 1956, n. 74.

widowhood one half of his personal property and real estate of every description and kind, and gave to his brother and sister in equal shares a half interest in all his personal property, except his household and kitchen furniture and live stock, and in all his real estate, making no other disposition of his property in his will, the wife took by the will an estate for life or widowhood in the residence and in one half of all his real and personal estate, except the household and kitchen furniture and live stock; and as the sole heir of the testator she took an estate in fee in reversion in the half interest in the real and personal estate given her for life or widowhood, the testator having died intestate as to these reversions.

No. 4977. NOVEMBER 20, 1925.

Construction of will. Before Judge Stark. Jackson superior court. June 2, 1925.

*G. A. Johns,* for plaintiffs.

*T. Elton Drake, J. C. Pratt,* and *Pemberton Cooley,* for defendants.

HINES, J. A testator by his will gave to his wife during her lifetime or widowhood his residence and the tract of land upon which it stands, consisting of all his land in the town of Hoschton. He also gave to his wife all his household and kitchen furniture and all his live stock. He also gave to his wife during her lifetime or widowhood one half of his personal property and real estate of every description and kind. He gave to his brother and sister, in equal shares, a half interest in all his personal property and real estate. He made no other disposition of his property in his will. The wife claims a fee-simple estate in the household and kitchen furniture and live stock given her by the testator, an estate for life or widowhood in one half of testator's personal and real estate under the will, and she claims as the sole heir of testator the remainder interest in fee in the one half of testator's personal and real estate given her as above for life or widowhood. The brother and sister of testator claim that they take under the will a fee-simple estate in all the property given by the testator to his widow, subject only to an estate for life or widowhood in her. They assert that the testator did not die intestate as to any of his property, that he intended to give to them an estate in fee in all the property bequeathed to his wife, subject only to an estate of the wife therein for life or widowhood, that the testator instructed the scrivener who prepared his will to so draw it as to carry out this intention, that the testator after the execution of his will put this interpretation upon it, that the will was ambiguous, that the decla-

rations of the testator were admissible to show that this was his intention; these declarations consisting of instructions to the scrivener who drew the will, and of declarations made by the testator to others in which he put the interpretation upon the instrument now claimed by his brother and sister. On the hearing of a petition filed by the executor for construction of this instrument and for direction in the distribution of the estate, the trial judge, to whom all questions of law and fact were submitted without the intervention of a jury, rejected parol evidence of alleged directions given by the testator to the scrivener who prepared his will, to the effect that his brother and sister were to have a remainder estate in all property given his wife, and of declarations of the testator tending to show that he put this interpretation upon his will; the judge holding that the will was free from ambiguity, and that this parol evidence was inadmissible for this purpose. To this ruling the brother and sister except. The judge construed the will to mean, (1) that the widow takes an estate during her life or widowhood in the residence and the lands around the same in the town of Hoschton; (2) that she takes without limitation in her own right the household and kitchen furniture and live stock of the testator; (3) that she takes during her lifetime or widowhood a half interest in all the personal property of the testator, except the household and kitchen furniture and live stock, and a half interest in all of his real estate; (4) that the brother and sister take in fee simple an undivided half interest in all the real estate of the testator, and a half undivided interest in all of his personal property except the household and kitchen furniture and live stock, subject, however, to the widow's estate for life or widowhood in the residence and lands around the same; and (5) that the widow takes as sole heir at law of testator an estate in fee in reversion in the half interest in the personal property and real estate of the testator in which she is given under the will an estate for life or widowhood as above stated. To so much of the judgment of the trial court as gives to the widow as sole heir at law of testator an estate in fee in remainder in the half interest in all the real and personal property of the testator given to her for life or widowhood, and to so much thereof as gives to her an estate in fee in the household and kitchen furniture and live stock, the brother and sister except and assign error thereon.

1. The will of the testator is free from ambiguity. This being so, the courts can not make a will or supply omissions by the aid of extrinsic testimony. The will being in writing and free from ambiguity, it can not be varied, contradicted, or added to by invoking the aid of parol testimony. *Wiley* v. *Smith,* 3 *Ga.* 551, 557; *Hill* v. *Fellon,* 47 *Ga.* 455 (15 Am. R. 643); *Atwood* v. *Geiger,* 69 *Ga.* 498. If the will "as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." Civil Code (1910), § 3900. So the trial judge did not err in rejecting parol evidence tending to show that the testator instructed the scrivener to so draw the will as to give to his brother and sister an estate in remainder in the property real and personal given his wife for life or widowhood under his will.

2. The bequest to the wife of the household and kitchen furniture is without limitation, and the judge properly held that the wife of the testator took an estate in fee simple therein.

3. Disherison of the heir at law does not arise except by express devise, or by necessary implication, and the implication to that effect must amount to such strong probability that an intention to the contrary can not be supposed. *Wright* v. *Hicks,* 12 *Ga.* 155 (56 Am. D. 451); *Wilder* v. *Holland,* 102 *Ga.* 44 (29 S. E. 134); *Sutton* v. *Hancock,* 115 *Ga.* 857 (42 S. E. 214). To disturb the ordinary course of descent of property, the disherison of the heirs at law must affirmatively appear. *Haralson* v. *Redd,* 15 *Ga.* 148; *Miller* v. *Speight,* 61 *Ga.* 462; *Pylant* v. *Burns,* 153 *Ga.* 529, 533 (112 S. E. 455, 28 A. L. R. 423). The wife took by the will of testator an estate for life or widowhood in the residence, and in one half of all his real and personal estate, except the household and kitchen furniture and live stock; and as the sole heir of the testator she took an estate in fee in reversion in the residence and in the half interest in the real and personal estate given her for life or widowhood under the will, the testator having died intestate as to these reversions. *Wilder* v. *Holland,* supra; *Oliver* v. *Powell,* 114 *Ga.* 600 (40 S. E. 826); *Smith* v. *Moore,* 129 *Ga.* 644 (59 S. E. 915); *Bowen* v. *Driggers,* 138 *Ga.* 398 (75 S. E. 318); *House* v. *Carlton,* 148 *Ga.* 472 (97 S. E. 80).

Applying the above principles, the trial judge did not err in his judgment.      *Judgment affirmed.*      *All the Justices concur.*