(Decided December 19, 1927.)

*Mr. C. B. Robinson* and *Mr. A. L. Talcott,* for Mayer, Admx.

*Mr. Warren L. Smith,* for heirs of Gellerman.

VICKERY, J. This cause comes into this court on appeal from the common pleas court of Cuyahoga county. In the court below Frank Zizelman, as executor, brought his action for the interpretation of certain clauses in a will made by William Gellerman, and, some of the parties not being satisfied with the interpretation that the common pleas court put upon the clauses to be interpreted, an appeal is prosecuted to this court.

It seems that William Gellerman, prior to his death, was the owner of certain several parcels of real estate and some personal property, and that he was married and had no children, and that all

the property came to him by way of purchase and not by way of descent. His last will and testament in which the clauses sought to be interpreted were contained was duly admitted to probate.

The will in effect provided that his wife, Phillipine Gellerman, should have a life estate in all of his property, both real and personal, and that after her death certain legacies were to be paid, I think two or three legacies of a thousand dollars each. Some several years after the death of William Gellerman, the executor having taken charge of the property, and finding it necessary to sell certain of the real estate, Phillipine Gellerman having died intestate, May Mayer was appointed administratrix of her estate, and the claim made by her was, that, inasmuch as all the property in the William Gellerman estate came to him by way of purchase, and outside of the legacies mentioned there was no residuary clause, William Gellerman died intestate, and that, there being no children, his wife, Phillipine Gellerman, succeeded to the estate as heir at law, and that when she died this property was a part of her estate; wherefore May Mayer claimed the property as property belonging to the wife, Phillipine Gellerman, and for the purpose of getting a proper construction of the clauses of the will of William Gellerman this suit was brought by his executor, as already stated.

This case was heard in the common pleas court upon an agreed statement of facts, and among the facts agreed upon, as was set forth in the answer which was filed in the court below, was the fact that Phillipine Gellerman never elected to take under the provisions of the will.

Apparently the seriousness of this proposition did not occur to the lawyers in the case. Perhaps it would have made no difference. When this will went into effect, and all the rights thereunder accrued, Section 5964, Revised Statutes, (86 O. L. 188), was in force, which provided as follows:

"The election of the widow or widower to take under the will shall be entered upon the minutes of the court; and if the widow or widower shall fail to make such election, the widow or widower shall retain the dower, and such share of the personal estate of the deceased consort as the widow or widower would be entitled to by law in case the deceased consort had died intestate, *leaving children.* If the widow or widower elect to take under the will, the widow or widower shall be barred of dower and such share, and [shall] take under the will alone, unless as provided in the next preceding section."

Now it will be noticed from this section that the widow, never having elected to take under the provisions made for her in the will, that is, having failed to make an election, all the property that she got was her dower interest and her distributive share of the personal property; and the balance of the property, after the legacies were paid, would go to the heirs at law of William Gellerman. It will be noticed that the statute positively precludes her from taking any more of the property, but the status of the estate would be exactly as though Gellerman had left children, who of course, would have inherited his property.

Now in the instant case, the importance of this statutory provision must be very apparent, because

*Oglesbee* v. *Miller, Ex'r.,* 111 Ohio St., 426, 145 N. E., 846, is a case on all fours with the instant case, and if the widow in the instant case had elected to take under the will there would have been no question of the controlling force and effect of the *Oglesbee case.* That case, as already stated, is exactly on all fours with the instant case, except that the wife was the testatrix and left the property, and the husband was the beneficiary under the will, but we apprehend that that would make no difference. The case otherwise is exactly parallel with the instant case, except that in the instant case the statute already cited limits the amount of property which the wife gets under the circumstances, as outlined in the agreed statement of facts upon which this case was tried.

It would be manifestly absurd to say that the statute would limit her to the exact portion of the property that would be coming to her as the widow of a man who died leaving children, if in the same breath the purpose of that statute could be defeated by making her the residuary legatee.

It is true that if the wife had legal advice, it was not very good advice, if she followed it, but it must be remembered that that was long prior to the decision in the *Oglesbee case.* Consequently, the lawyer who gave the advice could hardly be advised as to what the Supreme Court would do some 25 years later.

In view of this statute, and in view of the statement of the record in this lawsuit, we are compelled to come to the conclusion that the decree of the common pleas court was right, and the same decree should be entered here.

We might say in passing, that under any event the contention of the defendant administratrix is not sound, because if the wife, as the heir at law, would be entitled to the undisposed of part of the estate, and she died intestate, her heirs would not be entitled to all the property; but, in the event of her dying intestate as she did, it would be divided, one-half among her heirs and one-half among the heirs of her husband, under Section 8577 of the General Code, but we think under the facts in the instant case the heirs of the husband are entitled to have the decree in their favor.

*Decree accordingly.*

SULLIVAN, P. J., and LEVINE, J., concur.