## ZIZELMAN v. MAYER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8581. Decided Dec. 19, 1927.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

1271. WILLS AND LEGACIES.

Where husband dies without issue and wife fails to elect to take under will, Section 5964 GC. positively precludes her from taking more than dower interest in property. Status of estate is same as though husband had left children.

Appeal from Common Pleas.

Findings approved.

C. B. Robinson and A. L. Talcott, Cleveland, for Zizelman.

Warren L. Smith, Cleveland, for Mayer·

### STATEMENT OF FACTS.

This action was brought by Frank Zizelman, as executor, for the interpretation of certain

clauses in a will made by William Gellerman.

It seems, that Gellerman, prior to his death, was the owner of certain parcels of real estate and some personal property; that he was married and had no children, and that all the property came to him by way of purchase and not by way of descent. His will was duly admitted to Probate, and provided that his wife, Phillipine Gellerman should have a life estate in all of his property, both real and personal, and that after her death certain legacies were to be paid. Several years after his death, the executor having taken charge of the property and found it necessary to sell certain of the real estate, Phillipine Gellerman died intestate, and Mayer was appointed administratrix of her estate. The claim was made by her that, inasmuch as all the property in the Wm. Gellerman estate came to him by way of purchase, that outside of the legacies mentioned, there being no residuary clause, Wm. Gellerman died intestate, and, there being no children, his wife Phillipine Gellerman succeeded to the real estate as heir at law, and that when she died, this property was a part of her estate, and May Mayer claimed the property as the property belonging to Phillipine Gellerman.

This case was tried in the Common Pleas upon an agreed statement of facts, and among the facts agreed upon, was that Phillipine Gellerman never elected to take under the provisions of the will.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

When this will went into effect and all the rights thereunder accrued, Section 5964 was in force. It will be noticed, from this section that the widow, never having elected to take under the provisions made for her in the will, that is, having failed to make an election, all the property that she got was her dower interest and her distributive share of the personal property, and the balance of the property, after the legacies were paid, would go to the heirs at law of William Gellerman. It will be noticed that the statute positively precludes her from taking any more of the property, but the status of the estate would be exactly as though Gellerman had left children and they, of course, would have inherited his property.

Now in the instant case, the importance of this statutory provision must be very apparent, because in Oglesbee v. Miller, 111 OS. 426, there is a case on all fours with the instant case, and if the widow, in the instant case, had elected to take under the will, there would have been no question of the controlling force and effect of the Oglesbee case.

It would be manifestly absurd to say that the statute would limit her to the exact portion of the property that would be coming to her as the widow of a man who died leaving children, if in the same breath the purpose of that statute could be defeated by making her the residuary legatee.

In view of this statute, and in view of the statement of the record in this lawsuit, we are compelled to come to the conclusion that the decree of the Common Pleas Court was right, and the same decree should be entered here.

(Sullivan, PJ. and Levine, J., concur.)