*James F. Kelly, solicitor-general, Barry Wright,* and *Jack Rogers,* contra.

RANSONE *v.* ARNOLD *et al.,* executors.

No. 11350. OCTOBER 14, 1936.

W. O. *May,* for plaintiff.
*Mozley & Latimer* and *Blair & Gardner,* for defendants.

BECK, Presiding Justice.   On May 8, 1935, Mrs. Phenia Ransone filed suit in the superior court of Fulton County, Georgia, against the defendants, H. G. Arnold and Mrs. Belle Arnold, in their respective capacities as executors of the last will and testament of Moses Arnold, deceased.   On June 4, 1935, the defendants filed general and special demurrers to the petition, and afterward renewed these demurrers to the petition as amended on February 12, 1936.   The demurrers were sustained, and the action was dismissed; and the plaintiff excepted.   It was alleged in the petition, that the plaintiff was the legatee named in item 4 of the will of Moses Arnold; that the defendants were the duly qualified executor and executrix of this will; that as executors they were about to make distribution of the assets of the estate, and had construed the will to mean that the plaintiff was entitled to no distributive share under the will unless she should first account to the estate for the sum of $740, which they contended she received from the testator during his lifetime, and in which amount the defendants claimed that she was indebted to the estate.   She alleged that she had never at any time received from the testator anything either in property or money; that she was not at the time of filing the suit, and never had been, indebted to the testator or to his estate in the sum of $740 or any amount whatever; that the will was altered as to this item after its execution, and the alteration was made on a separate piece of paper which was pasted over the original writing of item 4 of the will; that the alteration was made fraudulently, and did not speak the truth; and that the statement in item 4 as altered was contrary to the facts.

The plaintiff alleged further, that all of the provisions of the will should be construed together; that item 4 was modified and explained by item 10, wherein it was stated that "I desire and direct that my said children shall share equally in my estate, and

any advances made to any of them as may be shown by notes or memorandum account should be deducted from their share of my estate, and I so direct;" that the provisions of item 10 showed the intention of the testator to be that his children should share equally in his estate, and that if any amounts had been loaned or given or paid to any of said children before his death, the amounts should be accounted for by them; that since item 10 was subsequent to item 4 wherein the alleged alteration appeared, and conflicted with item 4, the provisions of item 10 were controlling, being a bequest later than item 4; that unless some amount had been advanced or given to any child and this amount was evidenced by some note or memorandum of account, it should not be considered; that the defendants had no evidence of such indebtedness as required by item 10 of the will; that to require the plaintiff to account for the sum of $740 would violate the terms as well as the intent of the will taken as a whole; that plaintiff had the right to contend that she owed the estate nothing, and to prove this by proper evidence; and that since the executors were under no bond, to allow them to make distribution under the will would leave plaintiff without any adequate remedy at law. She prayed that the defendants be enjoined from making distribution; that the court construe the will and items 4 and 10; that plaintiff have judgment declaring her not to be indebted to the estate in any amount, and that she have a one-seventh interest therein and in any and all funds therefrom, without accounting for any amount whatsoever; and for general relief.

■ "A memorandum of advancements, in the handwriting of the parent, or subscribed by him, shall be evidence of the fact of advancement, but shall not be conclusive as to the value of the property, unless inserted as part of testator's will or referred to therein." Code, § 113-1014. Under this law, advancements set up in the will itself are conclusive as to such advancements having been made. Otherwise a provision of a will with respect to an advancement made, or a provision for a legatee thereunder, could be changed by parol proof; and this can not be done.

■ The probate of the will in question, a caveat to the proceeding to probate having been filed by the plaintiff in error in this case, was a final determination of questions with respect to (1) the legal execution of the will, (2) the testamentary capacity of the testator, and (3) the presence or absence of undue influence,

fraud, or mistake in the execution of the will. *Trustees of the University of Ga.* v. *Denmark,* 141 *Ga.* 390 (81 S. E. 238). See also *Tudor* v. *James,* 53 *Ga.* 302. Nothing ruled here is contrary to the rulings in *Peavey* v. *Crawford,* 182 *Ga.* 782 (187 S. E. 13).

■ Item 4 of the will in question is as follows: "I give, bequeath, and devise to my daughter Mrs. Pheonie Ransom a one-seventh (1/7) interest in and to all of my property both real and personal, except the sum of $740 already advanced to her." That item is conclusive as to advancement made to the legatee named, the plaintiff in the present suit; and this is not modified or qualified or changed by item 10, which is in the following language: "I desire and direct that my said children shall share equally in my estate, and any advances made to any of them as may be shown by notes or memorandum account should be deducted from their share of my estate; and I do so direct." Nor are there ambiguities in the two items when considered together, and parol evidence was not admissible to explain the two items considered together or 'dealt with separately.

■ The amount of $740 referred to in item 4 of the will was an advancement; and there is nothing in the pleadings or facts of the case to show that the defendants claim that it was an indebtedness, or that they insist upon it as such.

■ Applying the principles ruled above, the court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*