## FOLDS *v.* HARTRY *et al.*

No. 15683. January 9, 1947.

786

*J. W. Kieve* and *H. G. Rawls,* for plaintiff.

*David C. Campbell Jr., Leonard Farkas,* and *Walter H. Burt,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) Counsel for the plaintiff in error state in their brief that the principal controversy before the court is the construction to be given item 3 of the Evelyn Henderson will. Properly construed, the language in that item was not an attempt to create an express estate tail, so as to vest the fee-simple title in the two named daughters and the grandson in accordance with the Code, § 85-505.

Nor is this case controlled by the decision of this court in *Cole* v. *Ogg,* 180 *Ga.* 343 (179 S. E. 116), which is relied upon by the plaintiff in error, where the will of Mary Wood was held to be an attempt to create an express fee tail. In that case there was no reference to a life estate, and the testatrix provided that the beneficiaries "shall hold the same to themselves and their bodily heirs, without the same in any manner being subject to the debts or contracts of the said beneficiaries, . . shall in no manner sell or encumber the same during their lifetime, and that the same shall descend to their bodily heirs only, . . it being my desire and will that all of the property herein given, bequeathed, and devised shall be and remain in the aforementioned beneficiaries of this my last will and testament and their bodily heirs only."

The defendants in error contend that this item created life estates in the three named legatees, then life estates to their children, then to their grandchildren, and so on indefinitely, which was an attempt to create a perpetuity, and that under the Code, § 85-707, the effect thereof was to create a life estate in the named grantees, and to vest the fee in their children as the last takers under legal limitations.

There is still another view of the meaning of this item. Did the testatrix create a life estate in the named legatees, and then following the words, "in the City of Albany, Georgia," merely express her intention and comprehension of this provision, in which event her intention and comprehension of its effect would have to yield

to the rules of law? *Hertz* v. *Abrahams,* 110 *Ga.* 707 (36 S. E. 409, 50 L. R. A. 361) ; *Lane* v. *Citizens &c. Nat. Bank,* 195 *Ga.* 828, 836 (25 S. E. 2d, 800). Under such an interpretation, since the will contained no residuary clause, and the reversionary interest was left in the testatrix, such fee remained in her estate and vested immediately upon her death in those who were then her heirs at law, with the right of possession postponed until the death of the life tenants. *Oliver* v. *Powell,* 114 *Ga.* 592 (4) (40 S. E. 826) ; *Bowen* v. *Driggers,* 138 *Ga.* 398 (75 S. E. 318) ; *Hill* v. *Hill,* 161 *Ga.* 356 (3) (130 S. E. 575) ; *Payne* v. *Brown,* 164 *Ga.* 171 (2) (137 S. E. 921) ; *Armstrong Junior College Comm.* v. *Livesey,* 189 *Ga.* 825 (4) (7 S. E. 2d, 678, 132 A. L. R. 1063). In this view the plaintiff in the court below as the sole heir of his wife, who survived the testatrix, would have a reversionary interest in the property described in this item of the will.

But under the allegations and prayers of the petition, which show that one of the life tenants named in the will is still living, it is not now necessary to a decision in this case to determine whether the interpretation contended for by the defendants in error, as above stated, or the possible construction suggested above, is correct, and nothing herein said is intended as a determination as to the correctness of either. Suffice it to say that, having held that this item was not an attempt to create an express fee tail, which would have given to the plaintiff in error a fee-simple title to a one-third interest therein, it follows that the plaintiff in error under any other interpretation would have no interest which would give him the right to a present enjoyment of the possession of the premises, such as would authorize the grant of any of the relief prayed, until after the death of the last life tenant who could take as such under the terms of the will. This is true for the reason that prescription does not begin to run in favor of a grantee under a deed from a life tenant, against a remainderman who does not join in the deed, until the falling in of the life estate by the death of the life tenant. *Mathis* v. *Solomon,* 188 *Ga.* 311 (4 S. E. 2d, 24) ; *Sikes* v. *Moxley,* 201 *Ga.* 76 (38 S. E. 2d, 671).

Accordingly, the trial court did not err in sustaining a general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*