SMITH *et al.* v. FOWLER *et al.*

WYATT, Justice. Plaintiffs in error brought suit in the court below, seeking to recover certain described lands to which they claim to be entitled by virtue of a certain deed from Bart Smith which transferred the lands in dispute to Mack Smith for life, and at his death, remainder to the children of Mack Smith, subject to an interest reserved by the grantor for and during his life. There is in the record a copy of the proceedings in a former suit of Bart Smith v. Mack Smith seeking to cancel and set aside the deed above referred to, in which the plaintiffs in error in the instant case, the children of Mack Smith and minors at that time, were purportedly made parties by the appointment of a guardian ad litem and by personal service upon each of them. A verdict was rendered in that case in favor of the cancellation and judgment was entered thereon. Plaintiffs in error claim that the judgment in the suit of Bart Smith v. Mack Smith is not binding upon them for the reason that the service upon them, the appointment of a guardian ad litem, and his acceptance of the appointment were not in accordance with Code § 81-212, which provides for the method of service upon minors so as to make them parties to a suit; that the guardian appointed for them never acted in their behalf; and that they had no notice of the suit and no chance to defend that action. Plaintiffs in error further contend that the effect of the suit of Bart Smith v. Mack Smith was to divest the life estate of Mack Smith and to reinvest a life estate in Bart Smith, and that since Bart Smith is now deceased, plaintiffs in error are entitled to be put in possession of the land and to have the rents and profits accrued since the death of Bart Smith. Mack Smith is still in life. By amendment in this suit, plaintiffs in

error traversed service in the suit of Bart Smith v. Mack Smith. This issue was found against them, and there is no assignment of error as to that issue before this court. There were other facts which were made to appear which would be material in another view of this case but, in the view we take of the case, it is not necessary to set them out here. After all the evidence was in, both sides moved for a directed verdict, and a verdict was directed in favor of the defendant. Plaintiff in error filed his motion for new trial on the general grounds, and amended by adding one special ground, complaining of the direction of a verdict in favor of the defendant. The motion for new trial was overruled, and the plaintiffs bring their bill of exceptions to this court, complaining of the judgment denying a new trial. *Held*:

Assuming, without deciding, that the plaintiffs in error are correct in their contention that they were not legal parties to the suit of Bart Smith v. Mack Smith, then the status of the deed is, as to them, the same as if there had been no former suit. That is to say, they have a remainder interest after a life estate measured by the life of their father, Mack Smith, subject to the life interest retained by the grantor, which has, of course, terminated with the death of Bart Smith. This does not in any way affect nor is it in any way affected by the relationships existing between those who were parties to the former suit. The right of these plaintiffs to recover, if they have any right at all, is based solely on the deed executed by Bart Smith, and they are bound by the terms of that deed. If they are to recover, they must show not only that they have an interest in the property, but also that they have a present right to possession. *Scisson* v. *McLaws*, 12 *Ga.* 166; *Graham* v. *Peacock*, 131 *Ga.* 785 (63 S. E. 348). "Where a person holding a life estate in property, effective after the termination of a life estate reserved by the grantor, executes a deed back to the original grantor, in which he is joined by three of the six remaindermen, the original grantor becomes vested with a one-half undivided interest in the fee, and an estate for the life of such person in all the property, which estates may be devised by will. The estate for life is not terminated by the reconveyance, nor is such estate merged with the fee, when there are remaindermen owning a one-half undivided interest in the property. The remaindermen claiming an interest in the land can not maintain an action to recover the property, or to have it partitioned for their benefit, until the death of the person for whose use and benefit the life estate was created." *McDaniel* v. *Bagby*, 204 *Ga.* 750 (1) (51 S. E. 2d, 805). See also *Folds* v. *Hartry*, 201 *Ga.* 783 (41 S. E. 2d, 142); *Futch* v. *Jarrard*, 203 *Ga.* 47, (45 S. E. 2d, 420). The uncontradicted evidence in the instant case is that Mack Smith, the person in whom the preceding life estate is vested under the terms of the deed here involved, is still in life. In fact, he testified in the trial of this case. It follows, under the rulings above made, plaintiffs in error have not proved that they now have a right to recover the lands in dispute. Therefore, a verdict in favor of the defendants was demanded by the evidence, and it was not error to refuse the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Hawkins, J., who is disqualified.*

No. 17438. Argued April 9, 1951—Decided May 15, 1951.

*W. L. Nix, Leon Boling,* and *A. G. Liles,* for plaintiffs.

*Wheeler, Robinson & Thurmond* and *J. P. Fowler,* for defendants.