26145. HINES et al. v. VILLAGE OF ST. JOSEPH, INC. et al.

PER CURIAM. The First National Bank of Athens, as administrator cum testamento annexo of the estate of Marie G. Hines, filed its petition for a declaratory judgment seeking a construction of the will of the said Marie G. Hines and for instructions and direction as to whom it should deliver the assets comprising the residue of said estate after the deduction of the expenses of administration. Francis X. Hines, Jr., and others, as the heirs at law of Marie G. Hines, filed their answer and response to the petition which, after being once amended, was stricken and dismissed by the trial judge upon motion made by the Village of St. Joseph, Inc., another party to the proceeding. The appeal here is from that judgment.

By her will, which was duly probated, the said Marie G. Hines, after making specific devises, provided that, "I give, bequeath and devise to the trustees of St. Joseph Orphanage at Washington, Georgia, and their successors in office, all the rest and residue of my estate, real, personal and mixed, the income therefrom to be used for the purposes and benefits of said orphanage." The will was originally executed on October 23, 1947, and a codicil thereto was executed on July 8, 1958. On both of said dates there was located in Washington, Wilkes County, Georgia, an orphanage known as "The St. Joseph's Male Orphanage" which was operated as a corporation chartered by the superior court in 1909. The original charter states that the location and principal office of the corporation shall be in Washington, Wilkes County, Georgia. The charter expired by

operation of law and was renewed by a proceeding instituted in 1962, at which time the name of the corporation was changed to "St. Joseph's Home, Inc." Thereafter, in August, 1969, the charter of the corporation was further amended by changing its situs to Fulton County, Georgia, and by changing its name to "The Village of St. Joseph, Inc." At all times the stated object of the corporation was the operation of a benevolent institution for the care and treatment of children. Marie G. Hines died a resident of Clarke County, Georgia, on January 8, 1968, and her last will and testament containing the aforesaid item was duly probated and admitted to record in the Court of Ordinary of Clarke County, Georgia, on May 6, 1968. In their answer and response to the petition of the First National Bank, Francis X. Hines, Jr., and others as heirs of Marie G. Hines, contend that under the facts recited above with respect to St. Joseph Orphanage, the legacy contained in Item IV of the will of Marie G. Hines has lapsed in that the Village of St. Joseph, Inc., is not such a corporate successor as would be entitled to take the place of "the trustees of St. Joseph's Orphanage at Washington, Georgia," as legatee under the will and thereby entitled to receive the residue of the estate of Marie G. Hines; that there is not now nor was there at the time of the death of Marie G. Hines a "St. Joseph's Orphanage at Washington, Georgia," such as was intended by her to receive the legacy; that a charitable trust was not created under the terms of the will nor intended by the testatrix to be created; that the testatrix did not have a general charitable intent but only intended a gift to the trustees of St. Joseph's Orphanage at Washington, Georgia; that the doctrine of cy pres is not applicable, and that, therefore, the legacy under Item IV of the will has lapsed and the heirs are entitled to receive the same.

1. The order appealed from recites, "It appearing to the court that under the allegations of the pleadings, as a matter of law [the] defendants [Francis X. Hines, Jr., and others as the heirs at law of Marie G. Hines] have no valid claim to the assets of the estate of Marie G. Hines, deceased, involved in this litigation, said motion to strike said answer (defensive pleadings) of said defendants is hereby granted and the same are hereby ordered

stricken." Properly construed, this judgment adjudicates only that the legacy has not lapsed and therefore the heirs are not entitled to take. As to whether the Village of St. Joseph, Inc., is a corporate successor to St. Joseph's Orphanage at Washington, Georgia, and is entitled to take under Item IV of the will, or whether there is a failure of beneficiaries under Item IV such that upon application of the cy pres doctrine, it, or some other entity, may be entitled to receive the residue of the estate of Marie G. Hines was not adjudicated by the trial court, and, therefore, such questions are not before this court for our consideration. These questions remain to be adjudicated by the trial court upon the return of this case to it.

2. In the construction of a will, as in the construction of other legal documents, the cardinal rule is to ascertain the intention of the maker. *Code* § 113-806. Where there is no ambiguity in the instrument parol evidence is inadmissible to add to, modify, vary or change the will. *Armstrong v. Armistead,* 32 Ga. 597; *Hill v. Hill,* 161 Ga. 356, 359 (130 SE 575); *Ransone v. Arnold,* 183 Ga. 184, 186 (187 SE 857). In the instant case there is no ambiguity. The devise in question is, "To the trustees of St. Joseph Orphanage at Washington, Georgia, and their successors in office, . . . to be used for the purposes and benefits of said orphanage." Nothing could be plainer and we hold that such a devise evidences without more a general charitable intent. *Moss v. Youngblood,* 187 Ga. 188 (200 SE 689); *Goree v. Georgia Industrial Home,* 187 Ga. 368 (200 SE 684). Under the principles announced in the cases last cited, the charitable bequest, being valid, will be given effect by the courts, and the heirs at law of the testatrix have no interest in the bequest, and, therefore, have no standing to claim the bequest to the exclusion of the charity intended to be benefited thereby. It follows that the trial court did not err in striking the answer and response of the heirs.

*Judgment affirmed. All the Justices concur, except Almand, C. J., Felton and Hawes, JJ., who dissent.*

ARGUED OCTOBER 13, 1970—DECIDED MARCH 25, 1971.

*Grady C. Pittard, Jr.,* for appellants.

*Fortson, Bentley & Griffin, Edwin Fortson, King & Spalding, Kirk McAlpin, Joseph B. Haynes, Erwin, Epting, Gibson & Chilivis, Larry V. McLeod, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Robert S. Bomar, Assistant Attorneys General, Carl C. Jones, III, Deputy Assistant Attorney General, for appellees.*

HAWES, Justice, dissenting. I would concede without argument that the provision in the will of the testatrix bequeathing the rest and residue of her estate to the trustees of St. Joseph Orphanage at Washington, Georgia, and their successors in office is, on its face, unambiguous. However, I submit that whether the testatrix possessed a general charitable intent is not apparent from the language contained on the face of the will and that the cases relied on by the majority are inapplicable to this case. "When called upon to construe a will, the court may hear parol evidence of the circumstances surrounding the testator at the time of its execution; so the court may hear parol evidence to explain all ambiguities, both latent and patent." *Code* § 113-807. It is well established that where on account of the circumstances arising extraneous to the will itself the intent of the testator is rendered uncertain, evidence as to the situation, circumstances, family relationships, affections of the testator for members of his family or for his friends, or his animus toward them are material to show his intent, and evidence thereof is always admissible to aid in the construction of his will and to aid the court in arriving at his true intent with respect to the disposition of his property. *Olmstead v. Dunn,* 72 Ga. 850 (1 b); *Fraser v. Dillon,* 78 Ga. 474 (3 SE 695); *White v. Holland,* 92 Ga. 216, 219 (18 SE 17, 44 ASR 87); *MacGregor v. Roux,* 198 Ga. 520, 527 (32 SE2d 289).

In *Citizens & Southern Nat. Bank v. Clark,* 172 Ga. 625, 630 (158 SE 297), Judge Hines, speaking for this court, said: "This court has approved Lord Bacon's definition of a latent ambiguity, as one 'which seems certain and without ambiguity for anything that appeareth upon the deed or instrument, but there is some collateral' matter outside of the deed that breedeth the ambiguity.' *Oliver v. Henderson,* 121 Ga. 836, 838 (49 SE 743, 104 ASR 185). So in *Walker v. Wells,* 25 Ga. 141 (71 AD 164), this court held

that it could be shown by parol evidence that a grant to 'Berry Stephens, an orphan' was intended to be a grant to the orphan of Berry Stephens, there being such a person in life, and there being no person answering the first description. Here the language of the grant was on its face plain, and the ambiguity was brought about by the fact that there was no such person answering the description of the grant, but there was a person who was the orphan of Berry Stephens. It was held that the ambiguity could be explained by parol proof." In my opinion, this case is a classic example of a latent ambiguity, which, under the rule laid down in the case just quoted can only be explained by parol proof.

*Goree v. Georgia Industrial Home*, 187 Ga. 368 (200 SE 684), in my opinion, is clearly distinguishable from this case. In that case, the charity sought to be benefited by the testator had never had an existence as such. That is not so in this case because it is undisputed that the charity sought to be benefited by the testatrix was in existence at the time she made her will. This distinction was clearly pointed out by this court at the bottom of page 375 and top of page 376 of 187 Ga. where this court rejected the contentions of the appellant that the principle announced in 11 CJ 363, § 77 applied there. I am unwilling to go so far as to hold, as set forth in the quotation from Corpus Juris there, that where a testator makes a bequest to some particular object of charity and the bequest fails because the object designated ceases to exist during the testator's lifetime the fund never vests in charity at all, the legacy lapses and the doctrine of cy pres has no application. I do not think that it is necessary to go that far. I would only hold that the question of whether the testatrix possessed a general charitable intent is not apparent upon the face of the will and must be determined by a resort to parol evidence under the rules laid down in the authorities which I first cited. In this connection, see, 14 CJS 514, Charities, § 52 c; 15 AmJur2d 144, Charities, § 136; Anno. 63 ALR 880; and Anno. 74 ALR 671. For the foregoing reasons, I dissent from the judgment of affirmance. I think the heirs were entitled to their day in court to prove the allegations of their answer that the deceased had no general charitable intent and that the Village of St. Joseph is not such a successor to the

St. Joseph's Orphanage at Washington, Georgia, as was intended by the testatrix to take under the circumstances disclosed in this case.

I am authorized to state that Chief Justice Almand and Justice Felton concur in this dissent.