## 35963. ALEXANDER v. GEORGIA BAPTIST FOUNDATION, INC. et al.

UNDERCOFLER, Chief Justice.

The case before us involves the application of the cy pres doctrine to a charitable trust. Summary judgment

was granted in favor of the Georgia Baptist Foundation, the Executive Committee of the Baptist Convention of the State of Georgia, and the administrator of the estate of the trustor and was denied against the contentions of the executrix of the estate of the wife of the trustor, who appeals. We affirm.

1. W. L. Cook, an active, life-long Baptist, who had served on the Executive Committee of the Baptist Convention of the State of Georgia, died in 1966, leaving one-half of his estate to his wife and the other half to her for life, "the remainder in said property and estate in said Item to the Georgia Baptist Foundation, but nevertheless in trust, as trustee with the direction to use the income from this portion of my estate by dividing it into two equal shares and *distributing one such share annually to Norman College, Norman Park, Georgia,* and one share annually to the Georgia Baptist Children's Home." (Emphasis supplied.) Cook's estate was never fully administered, and his wife died in 1977. The executrix of her estate claims the share to Norman College under a resulting trust on the ground that the gift lapsed when the college ceased operations in 1971. The Georgia Baptist Foundation and the Baptist Convention of the State of Georgia, contend that since the institution still exists for educational purposes, the general charitable intent of the trustor should be carried out by application of the cy pres doctrine.[1] We agree. *Trammell v. Elliott,* 230 Ga. 841 (199 SE2d 194) (1973).

We find that Item Four of the testator's will exhibits a general charitable intent. Code Ann. §§ 108-202, 113-815. Compare *Hines v. Village of St. Joseph,* 227 Ga. 431 (181 SE2d 54) (1971); *Moss v. Youngblood,* 187 Ga. 188 (200 SE 689) (1938); *Goree v. Ga. Industrial Home,* 187 Ga. 368 (200 SE 684) (1938). Further, we find no clearly demonstrated intention that the trust fail if its terms cannot be exactly carried out. Code Ann. § 108-106;

---

[1]We express no opinion whether the gift may be sustained on the basis the College and Assembly are sufficiently similar in purpose to be consistent with the trust, without applying the cy pres doctrine.

*Trammell v. Elliott,* supra; *Smyth v. Anderson,* 238 Ga. 343 (232 SE2d 835) (1977). We thus hold that the trial court correctly applied the cy pres doctrine[2] and properly granted summary judgment in favor of the Georgia Baptist Foundation, the Executive Committee of the Baptist Convention of the State of Georgia, and the administrator of Cook's estate, and properly denied the motion of the executrix of Mrs. Cook's estate.

2. There is no merit to the executrix' contention that equity has no jurisdiction because the defendants have unclean hands. The continuation of the corporation's educational purposes as the Norman Baptist Assembly with a transfer of the assets from the college's board of trustees to the Executive Committee of the Baptist Convention of the State of Georgia does not constitute an abandonment of the corporation contrary to law.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 12, 1980 — DECIDED MARCH 18, 1980 — REHEARING DENIED APRIL 8, 1980.

*Walters, Davis, Ellis, Smith & Hudson, James D. Hudson,* for appellant.

*Arthur K. Bolton, Attorney General, Brenda Hill Cole, Assistant Attorney General, Murphey Rogers, Clauye C. McCranie, Poole, Pearce, Cooper & Smith, Edwin Pearce, Mikel L. Purcell, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, A. G. Cleveland, Everette L. Doffermyre,* for appellees.

---

[2]There is no merit to the executrix' contention that the trial court erred in not setting guidelines for the use of the money since no limitations to its use, other than the designation of the institution, was included in the trust.